1 | Larry M. Bakman, Esq., SBN: 88964
1875 Century Park East, Suite 700
2 | Los Angeles, California 90067
(310) 553-5512; Fax: (844) 272-3958
3 | Email: lbakman@lbakmanlaw.com

4 | Garry S. Malin, Esq., SBN: 118002
2660 Townsgate Road, Suite 600
5 | Westlake Village, California 91361
(805) 496-2244; Fax: (805) 497-8856
6 | Email: gmalin@malinlaw.com

7 | Attorneys for Plaintiff

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 |

11 | MARK HUTNYAN,                                    ) CASE NO.
                                                     )
12 |                          Plaintiff,             ) **COMPLAINT FOR DAMAGES FOR**
                                                     ) **VIOLATION OF CIVIL RIGHTS**
13 |              vs.                                 )
                                                     )
14 | DIANE CAFFERATA HUTNYAN;                         )
     KRISTIAN HERZOG Also Known As                   )
15 | KRIS HERZOG, Individually and                    )
     Doing Business As THE BODYGUARD                 )
16 | GROUP OF BEVERLY HILLS;                           )
     COUNTY OF LOS ANGELES;                          )
17 | RICKY TYSON; EDDIE CARTER;                        )
     GLENN VALVERDE;                                 )
18 | NICOLAS JOHNSTON;                                 )
     GERMAINE MOORE;                                 )
19 | CITY OF MANHATTAN BEACH;                          )
     RYAN SMALL; CHAD SWANSON;                       )
20 | CHRIS NGUYEN; TERESA MANQUEROS;                   )
     and DOES 1 to 10, Inclusive,                    )
21 |                                                  )
                                                     )
22 |                          Defendants.            )
                                                     )
23 |                                                  )
                                                     )
24 | _____)

25 |        COMES NOW plaintiff MARK HUTNYAN who alleges as follows:

26 | / / /

27 | / / /

28 | / / /

## JURISDICTION AND VENUE

1. This civil action is brought to redress alleged deprivations of constitutional and fundamental rights as protected under 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, and under California law.

2. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343(a)(1), (2), (3) and (4), and the above-mentioned statutory and constitutional provisions.

3. The United States District Court for the Central District of California has supplemental jurisdiction over any and all state law claims alleged in this Complaint under 28 U.S.C. § 1367(a).

4. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) and (c) in that a substantial part of the events and injury occurred in the County of Los Angeles, State of California.

## PARTIES

5. Plaintiff MARK HUTNYAN is, and at all times relevant herein was, a resident of the County of Los Angeles, State of California.

6. Defendant DIANE CAFFERATA HUTNYAN is, and at all times relevant herein was, a resident of the County of Los Angeles, State of California.

7. Defendant DIANE CAFFERATA HUTNYAN is, and at all times relevant herein was, licensed to engage in the practice of law, as an attorney and partner of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel").

/ / /

/ / /

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

1          8.   Defendant KRISTIAN HERZOG also known as KRIS HERZOG
2    ("HERZOG") is, and at all times relevant herein was, an individual
3    residing in the County of Los Angeles, State of California.
4    Plaintiff is further informed and believes and thereon alleges
5    that KRISTIAN HERZOG also known as KRIS HERZOG Doing Business As
6    THE BODYGUARD GROUP OF BEVERLY HILLS ("THE BODYGUARD GROUP"), at
7    all times relevant herein was, and now is a business organization,
8    form unknown, organized and existing under and by virtue of the
9    laws of the State of California, with a principal place of business
10   located in the County of Los Angeles, State of California.

11         9.   Defendant COUNTY OF LOS ANGELES is, and at all times
12   relevant herein was, a public entity, within the County of Los
13   Angeles, and existing under the laws of the State of California.
14   Plaintiff is informed and believes and thereon alleges that the
15   COUNTY OF LOS ANGELES is authorized to establish certain departments
16   for enforcing the laws and protecting the welfare of its citizens.
17   Plaintiff is informed and believes and thereon alleges that at all
18   times mentioned herein, the COUNTY OF LOS ANGELES was responsible to
19   oversee the operation, management and supervision of the Los Angeles
20   County Sheriff's Department and Los Angeles County Probation
21   Department, as well as sheriff deputies, probation officers and
22   employees.

23         10. Plaintiff is informed and believes and thereon alleges
24   that defendant RICKY TYSON is, and at all times relevant herein was,
25   a resident of the County of Los Angeles, State of California, and at
26   all times mentioned herein, is and was a duly appointed and acting
27   officer and/or employee or agent of the County of Los Angeles
28   Sheriff's Department, subject to the oversight and supervision of,

-3-
COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

and acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of defendant COUNTY OF LOS ANGELES.

11. Plaintiff is informed and believes and thereon alleges that defendant EDDIE CARTER is, and at all times relevant herein was, a resident of the County of Los Angeles, State of California, and at all times mentioned herein, is and was a duly appointed and acting sheriff deputy and/or employee or agent of the County of Los Angeles Sheriff's Department, subject to the oversight and supervision of, and acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of defendant COUNTY OF LOS ANGELES.

12. Plaintiff is informed and believes and thereon alleges that defendant GLENN VALVERDE is, and at all times relevant herein was, a resident of the County of Los Angeles, State of California, and at all times mentioned herein, is and was a duly appointed and acting sheriff deputy and/or employee or agent of the County of Los Angeles Sheriff's Department, subject to the oversight and supervision of, and acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of defendant COUNTY OF LOS ANGELES.

13. Plaintiff is informed and believes and thereon alleges that defendant NICOLAS JOHNSTON is, and at all times relevant herein was, a resident of the County of Los Angeles, State of California, and at all times mentioned herein, is and was a duly appointed and acting sheriff deputy and/or employee or agent of the County of Los Angeles Sheriff's Department, subject to the oversight and supervision of, and acting under color of law, to wit, under

1    color of the statutes, ordinances, regulations, policies, customs
2    and usages of defendant COUNTY OF LOS ANGELES.

3        14. Plaintiff is informed and believes and thereon alleges
4    that defendant GERMAINE MOORE is, and at all times relevant herein
5    was, a resident of the County of Los Angeles, State of California,
6    and at all times mentioned herein, is and was a duly appointed and
7    acting probation officer and/or employee or agent of the County of
8    Los Angeles, subject to the oversight and supervision of, and acting
9    under color of law, to wit, under color of the statutes, ordinances,
10   regulations, policies, customs and usages of defendant COUNTY OF
11   LOS ANGELES.

12       15. Defendant CITY OF MANHATTAN BEACH is, and at all times
13   relevant herein was, a public entity, existing under the laws of
14   the State of California. Plaintiff is informed and believes and
15   thereon alleges that the CITY OF MANHATTAN BEACH is authorized to
16   establish certain departments for enforcing the laws and protecting
17   the welfare of its citizens. Plaintiff is informed and believes and
18   thereon alleges that at all times mentioned herein, the CITY OF
19   MANHATTAN BEACH was responsible to oversee the operation, management
20   and supervision of the Manhattan Beach Police Department, as well as
21   its officers and employees.

22       16. Plaintiff is informed and believes and thereon alleges
23   that defendant RYAN SMALL is, and at all times relevant herein was,
24   a resident of the County of Los Angeles, State of California, and at
25   all times mentioned herein, is and was a duly appointed and acting
26   lieutenant and/or employee or agent of defendant CITY OF MANHATTAN
27   BEACH through the Manhattan Beach Police Department, subject to the
28   oversight and supervision of, and acting under color of law, to wit,

-5-
COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

under color of the statutes, ordinances, regulations, policies, customs and usages of defendant CITY OF MANHATTAN BEACH.

17. Plaintiff is informed and believes and thereon alleges that defendant CHAD SWANSON is, and at all times relevant herein was, a resident of the County of Los Angeles, State of California, and at all times mentioned herein, is and was a duly appointed and acting officer and/or employee or agent of defendant CITY OF MANHATTAN BEACH, subject to the oversight and supervision of, and acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of defendant CITY OF MANHATTAN BEACH.

18. Plaintiff is informed and believes and thereon alleges that defendant CHRIS NGUYEN is, and at all times relevant herein was, a resident of the County of Los Angeles, State of California, and at all times mentioned herein, is and was a duly appointed and acting officer and/or employee or agent of defendant CITY OF MANHATTAN BEACH, subject to the oversight and supervision of, and acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of defendant CITY OF MANHATTAN BEACH.

19. Plaintiff is informed and believes and thereon alleges that defendant TERESA MANQUEROS is, and at all times relevant herein was, a resident of the County of Los Angeles, State of California, and at all times mentioned herein, is and was a duly appointed and acting officer and/or employee or agent of defendant CITY OF MANHATTAN BEACH, subject to the oversight and supervision of, and acting under color of law, to wit, under color of the statutes,

/ / /

1  ordinances, regulations, policies, customs and usages of defendant
2  CITY OF MANHATTAN BEACH.

3      20. Plaintiff is informed and believes and thereon alleges
4  that all defendants, named and unnamed, are, and at all times
5  relevant herein were, duly appointed officers and/or employees or
6  agents of defendants COUNTY OF LOS ANGELES and/or CITY OF MANHATTAN
7  BEACH, subject to the oversight and supervision of, and acting under
8  color of law, to wit, under color of the statutes, ordinances,
9  regulations, policies, customs and usages of the COUNTY OF LOS
10 ANGELES and/or CITY OF MANHATTAN BEACH.

11     21. Plaintiff is ignorant of the true names and capacities,
12 whether individual, entity, corporate, partnership, associate, or
13 otherwise, of defendants sued herein as DOES 1 to 10, Inclusive,
14 and therefore, sues these defendants by such fictitious names.
15 Plaintiff will amend this Complaint to allege their true names
16 and capacities when the same have been ascertained. Plaintiff
17 is informed and believes and thereon alleges that each of said
18 fictitiously named defendants is responsible in some manner for
19 the occurrences alleged herein.

20     22. Plaintiff is informed and believes and thereon alleges that
21 at all times mentioned herein, defendants, and each of them, acted
22 as the agents, servants, employees, employers, principals, and/or
23 representatives of each of the remaining defendants, and each of
24 them, and were acting within the course and scope of said agency,
25 service, and employment, and with the knowledge, consent, authority,
26 and permission of each of their co-defendants, and each had a legal
27 duty to oversee and supervise the hiring, conduct and employment of
28 their co-defendants.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

1        23. Plaintiff is informed and believes and thereon alleges that

2    each and every wrongful illegal act or omission by the defendants

3    complained of herein was done with the express or implied approval,

4    knowledge and consent, either actual or constructive, of all other

5    defendants, and each defendant has had actual or constructive

6    knowledge of, and has ratified and approved, the acts and omissions

7    of the other defendants, both named herein and fictitiously named.

8        24. Plaintiff is informed and believes and thereon alleges

9    that at all times mentioned herein, each of the defendants

10   acted in concert and furtherance of each others' interests.

11

12                            **NOTICE OF CLAIM**

13       25. In compliance with California Government Code §810, et seq.,

14   on September 23, 2016, claims were timely filed against, and served

15   upon, both the COUNTY OF LOS ANGELES and the CITY OF MANHATTAN BEACH,

16   as governmental agencies, within six (6) months of March 25, 2016,

17   the date the subject incident occurred. On October 20, 2016, the

18   claim was rejected by the CITY OF MANHATTAN BEACH. On November 7,

19   2016, the claim was rejected by the COUNTY OF LOS ANGELES.

20

21                            **STATEMENT OF FACTS**

22       26. On or about March 25, 2016 and March 26, 2016, at plaintiff

23   MARK HUTNYAN's residence, located at 224 32nd Street, Manhattan

24   Beach, California (the "Home"), defendants, and each of them,

25   unlawfully and forcefully entered the Home without any knocking,

26   warning, or notice, in violation of plaintiff's civil rights as

27   protected under the Fourth and Fourteenth Amendments of the

28   United States Constitution and statutory law.

1
2

      27. Plaintiff MARK HUTNYAN and defendant DIANE CAFFERATA
HUTNYAN ("MRS. HUTNYAN") were married on July 4, 1993.

3
4
5

      28. On March 5, 2015, after nearly 22 years of marriage, MRS.
HUTNYAN filed for dissolution of marriage against MARK HUTNYAN in
the Los Angeles Superior Court, bearing case number: BD616691.

6
7
8
9
10
11

      29. On or about March 3, 2015, just prior to MRS. HUTNYAN
filing her petition for dissolution of marriage, plaintiff MARK
HUTNYAN and defendant MRS. HUTNYAN had entered into and executed a
Marital Settlement Agreement, wherein plaintiff MARK HUTNYAN was
awarded temporary sole possession of the Home. In accordance with
this Agreement, defendant MRS. HUTNYAN vacated the Home.

12
13
14
15
16
17
18

      30. Approximately one full year later, while plaintiff MARK
HUTNYAN still maintained sole possession of the Home pursuant to the
fully executed Marital Settlement Agreement, plaintiff is informed
and believes and thereon alleges that defendant MRS. HUTNYAN retained
the services of defendants HERZOG, a retired police officer, and THE
BODYGUARD GROUP to enter the Home with defendant MRS. HUTNYAN armed
with weapons to harass, threaten, intimidate plaintiff MARK HUTNYAN.

19
20
21
22
23
24
25
26
27

      31. Plaintiff is informed and believes and thereon alleges that
during the course and scope of defendant HERZOG's bodyguard business,
he retains and privately employs law enforcement officers, including
Los Angeles County Sheriff Deputies and other employees and agents
of defendant COUNTY OF LOS ANGELES, including but not limited to,
defendants RICKY TYSON, EDDIE CARTER, GLENN VALVERDE, NICOLAS
JOHNSTON, and GERMAINE MOORE (collectively, "COUNTY EMPLOYEES")
to work and perform services on various assignments, including
work and services for MRS. HUTNYAN.

28

/ / /

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**32. Plaintiff is informed and believes and thereon alleges that defendant COUNTY OF LOS ANGELES knew or should have known that its officers, including defendant COUNTY EMPLOYEES, routinely worked and continue to work off-duty in various security positions, including work with and for defendants HERZOG and THE BODYGUARD GROUP.**

**33. Plaintiff is informed and believes and thereon alleges that defendant MRS. HUTNYAN and her employer law firm, Quinn Emanuel, had previously retained defendants HERZOG and THE BODYGUARD GROUP to perform services on behalf of defendant MRS. HUTNYAN, Quinn Emanuel and their legal clients, that defendant MRS. HUTNYAN became aware of and retained the services of defendants HERZOG and THE BODYGUARD GROUP based on her employment with Quinn Emanuel, and further that Quinn Emanuel knew and was aware of defendant MRS. HUTNYAN's retention of defendants HERZOG and THE BODYGUARD GROUP.**

**34. On or about March 23, 2016, defendants HERZOG and/or COUNTY EMPLOYEES notified defendant CITY OF MANHATTAN BEACH through the Manhattan Beach Police Department in writing via e-mail that defendants HERZOG and COUNTY EMPLOYEES intended to enter the Home with defendant MRS. HUTNYAN armed with weapons and wearing body cameras.**

**35. On or about March 23, 2016, defendants HERZOG and/or COUNTY EMPLOYEES further advised defendant CITY OF MANHATTAN BEACH through the Manhattan Beach Police Department in writing via e-mail that plaintiff MARK HUTNYAN would make a "fake" 911 telephone call to defendant Manhattan Beach Police Department once defendants HERZOG, COUNTY EMPLOYEES, and MRS. HUTNYAN entered the Home.**

**36. On or about March 23, 2016, defendants HERZOG and/or COUNTY EMPLOYEES further advised defendant CITY OF MANHATTAN BEACH through a telephone conversation with defendant RYAN SMALL, Lieutenant of the**

1   Manhattan Beach Police Department, that defendants HERZOG and COUNTY
2   EMPLOYEES intended to enter the Home with defendant MRS. HUTNYAN
3   armed with weapons and wearing body cameras.

4       37. On or about March 25, 2016, defendants HERZOG and/or COUNTY
5   EMPLOYEES called defendant CITY OF MANHATTAN BEACH and spoke with
6   dispatch of the Manhattan Beach Police Department to report that
7   they were near to, or were already at the Home with defendant
8   MRS. HUTNYAN, were armed, and they were going to enter the Home,
9   by force if necessary, because the husband, plaintiff MARK HUTNYAN,
10  was "squatting in the house", in that defendant MRS. HUTNYAN was
11  the "owner" of the Home, and further that plaintiff MARK HUTNYAN
12  was "inebriated most of the time". During this conversation with
13  defendant CITY OF MANHATTAN BEACH through dispatch of the Manhattan
14  Beach Police Department, defendants HERZOG and/or COUNTY EMPLOYEES
15  referred to plaintiff MARK HUTNYAN as "the suspect", and referred to
16  defendant MRS. HUTNYAN as "the victim".

17      38. On or about March 25, 2016, during the late evening, between
18  approximately 10:00 and 10:30 p.m., defendants HERZOG and five armed
19  COUNTY EMPLOYEES clad in tactical uniform gear and wearing body
20  cameras, and defendant MRS. HUTNYAN did unlawfully enter the Home
21  by force using the services of a locksmith who used a drill or other
22  equipment upon the lock of the front door of the Home to break in
23  and gain access, and did unlawfully invade and search the Home.
24  Plaintiff MARK HUTNYAN was inside the Home alone at the time.
25  Plaintiff MARK HUTNYAN was struck on his arm and upon his body
26  during this unlawful break-in and invasion into the Home. Plaintiff
27  MARK HUTNYAN did not consent to this invasion into the Home.
28  / / /

39. On or about March 25, 2016, during this invasion, plaintiff MARK HUTNYAN was harassed, threatened, intimidated, and was told by defendants HERZOG, five armed COUNTY EMPLOYEES, and defendant MRS. HUTNYAN that if plaintiff MARK HUTNYAN refused to provide them with the keys to the Home, the hired locksmith, who was present at the time, would forcibly open all of the other locks to the Home.

40. On or about March 25, 2016, during this invasion, defendants HERZOG, five armed COUNTY EMPLOYEES, and defendant MRS. HUTNYAN further harassed, threatened, intimidated, and told plaintiff MARK HUTNYAN that they would start by forcibly opening the lock located between the residence and the garage, and that such action could very well cause damage to plaintiff MARK HUTNYAN'S cars which were parked in the garage.

41. On or about March 25, 2016, during this invasion, defendants HERZOG, five armed COUNTY EMPLOYEES, and defendant MRS. HUTNYAN further harassed, threatened, intimidated, and told plaintiff MARK HUTNYAN that he had to move his cars from the garage so that defendant MRS. HUTNYAN could gain access with her own vehicle(s).

42. On or about March 25, 2016, during this invasion, plaintiff MARK HUTNYAN, unaware of what was occurring, did immediately call 911, and stated in detail to defendant CITY OF MANHATTAN BEACH through dispatch of the Manhattan Beach Police Department what was happening to him at the Home. Plaintiff retreated in fear to his bedroom.

43. On or about March 25, 2016, during this invasion, defendants CHAD SWANSON, CHRIS NGUYEN and TERESA MANQUEROS ("CITY EMPLOYEES"), police officers employed by defendant CITY OF MANHATTAN BEACH through

the Manhattan Beach Police Department, arrived to the Home, but rather than impartially investigate the incident of that evening, the CITY EMPLOYEES failed to follow proper City of Manhattan Beach Police Department procedures in the investigation before, during, and after this invasion at the Home occurred.

44. Despite being aware and possessed with the knowledge before this invasion into the Home on or about March 25, 2016, defendant CITY OF MANHATTAN BEACH, through defendant CITY EMPLOYEES of the Manhattan Beach Police Department, failed to take any measures to investigate, inquire, assess, act upon, intervene, or determine the legality or illegality of this invasion into the Home of plaintiff MARK HUTNYAN, and failed to follow proper police procedures.

45. On or about March 25, 2016, following this invasion and as a result of the harassment, threats and intimidation by defendants, plaintiff MARK HUTNYAN was forced to, and did leave his Home that evening out of fear, worry, anxiety, and the adverse affect upon his body and mind, and temporarily resided at a hotel.

46. Prior to, and during this invasion into the Home on or about March 25, 2016, defendants ignored the explanation provided by plaintiff MARK HUTNYAN, and instead chose to, and did act illegally. The actions and inactions by defendants shock the conscience and demonstrate a deliberate indifference and conscious disregard of plaintiff MARK HUTNYAN's life, liberty, well-being, and in violation of his civil and other rights. Further, the actions and inactions by defendants were objectively unreasonable under the circumstances, and done in bad faith to intentionally harm plaintiff MARK HUTNYAN.

/ / /

/ / /

47. As set forth herein, due to the actions and inactions by defendants, plaintiff MARK HUTNYAN has suffered injuries and damages, as set forth herein.

48. As set forth herein, defendant COUNTY OF LOS ANGELES through the Los Angeles County Sheriff's Department and Probation Department, and defendant CITY OF MANHATTAN BEACH through the Manhattan Beach Police Department, caused plaintiff's injuries and damages through their policies, practices, customs and/or usages that ratify the abuse and misuse of police power and the use of unnecessary and unreasonable means by defendants COUNTY EMPLOYEES and CITY EMPLOYEES.

## FIRST CAUSE OF ACTION FOR DEPRIVATION OF RIGHTS
### UNDER THE FOURTH AND FOURTEENTH AMENDMENTS
### AND 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

49. Plaintiff hereby repeats and realleges each and every allegation contained in paragraphs 1 through 48, inclusive, of this Complaint as though set forth at length herein.

50. The Fourth Amendment of the United States Constitution states, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches...shall not be violated..."

51. The Fourteenth Amendment of the United States Constitution states, "...nor shall any State deprive any person of...liberty, or property, without due process of law..."

52. 42 U.S.C. § 1983 (violation of civil rights) states, "Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State...subjects, or causes to be subjected, any citizen of the United States or other person within its

jurisdiction, thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law...."

53. In doing the acts set forth in this Complaint, defendants COUNTY EMPLOYEES and CITY EMPLOYEES conspired and acted in concert with each other and with the other defendants, and under the color of the authority and pretense of the statutes, ordinances, regulations, customs, or usages, of defendants COUNTY OF LOS ANGELES and CITY OF MANHATTAN BEACH in authorizing, directing, and/or causing plaintiff MARK HUTNYAN to suffer excessive force in entering the Home, conducting an unlawful search of the Home and his personal property, and committing unlawful harassment, threats, coercive conduct and intimidation, which was unreasonable and done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the probable consequences of such actions; was done without lawful justification or reason; and was designed to and did cause injuries in violation of plaintiff MARK HUTNYAN's rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from an unreasonable search of the Home, and of plaintiff MARK HUTNYAN's papers and effects, the right to be free from the use of excessive, unreasonable and unjustified force, and the right to be free from the use of unlawful harassment, threats, coercive conduct and intimidation, which was unreasonable and done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the probable consequences of such actions.

/ / /

/ / /

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

1    54. As a proximate result of the conduct of defendants, and each

2    of them, plaintiff MARK HUTNYAN suffered serious injuries to his

3    health, strength, and activity, including but not limited to,

4    injuries to his body, shock to his nervous system, and emotional

5    injuries, all of which have caused, now cause, and will continue

6    to cause plaintiff MARK HUTNYAN great physical and mental pain and

7    suffering, all to plaintiff MARK HUTNYAN's general and special

8    damages in an amount according to proof at trial.

9    55. The conduct of defendants COUNTY EMPLOYEES, CITY EMPLOYEES,

10   MRS. HUTNYAN, HERZOG, and THE BODYGUARD GROUP was malicious,

11   oppressive, wanton and/or in reckless disregard of plaintiff MARK

12   HUTNYAN's rights entitling plaintiff to punitive damages against

13   these specific defendants.

14   56. By virtue of the provisions of 42 U.S.C. § 1988, plaintiff

15   MARK HUTNYAN is entitled to an award of attorneys' fees.

16

17   **SECOND CAUSE OF ACTION FOR MUNICIPAL LIABILITY FOR**

18   **UNCONSTITUTIONAL CUSTOMS, POLICIES AND PRACTICES**

19   **IN VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANTS**

20   **COUNTY OF LOS ANGELES AND CITY OF MANHATTAN BEACH**

21   57. Plaintiff hereby repeats and realleges each and every

22   allegation contained in paragraphs 1 through 56, inclusive, of

23   this Complaint as though set forth at length herein.

24   58. In doing the acts set forth in this Complaint, defendants

25   COUNTY EMPLOYEES and CITY EMPLOYEES conspired and acted in concert

26   with each other and with the other defendants, and under the color of

27   authority and pretense of the statutes, ordinances, regulations,

28   customs, or usages, of defendants COUNTY OF LOS ANGELES and CITY OF

MANHATTAN BEACH in authorizing, directing, and/or causing plaintiff MARK HUTNYAN to suffer excessive force in entering the Home, conducting an unlawful search of the Home and his personal property, and committing unlawful harassment, threats, coercive conduct and intimidation, which was unreasonable and done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the probable consequences of such actions; was done without lawful justification or reason; and was designed to and did cause injuries in violation of plaintiff MARK HUTNYAN's rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from an unreasonable search of the Home, and of plaintiff MARK HUTNYAN's papers and effects, and the right to be free from the use of excessive, unreasonable and unjustified force.

59. Defendants COUNTY OF LOS ANGELES and CITY OF MANHATTAN BEACH maintained policies, practices, customs, and usages, that condoned, tolerated, and allowed its officers, including defendants COUNTY EMPLOYEES and CITY EMPLOYEES, to commit and execute (1) the unconstitutional use of unnecessary, unreasonable and/or excessive force, unlawful searches and seizures, and unlawful harassment, threats, coercion and intimidation; (2) the culture and promotion of defendant COUNTY EMPLOYEES' unconstitutional use of unnecessary, unreasonable and/or excessive force, unlawful searches and seizures, and unlawful harassment, threats, coercion and intimidation to achieve personal goals and ends; (3) defendant COUNTY EMPLOYEES' use of police power for personal reasons and goals; and (4) defendant

/ / /

/ / /

1  CITY EMPLOYEES' failure to take any measures to investigate, inquire,
2  assess, act upon, intervene, prevent, or determine the legality or
3  illegality of the conduct of defendant COUNTY EMPLOYEES.

4      60. Defendants COUNTY OF LOS ANGELES and CITY OF MANHATTAN
5  BEACH, by and through their supervisory employees and agents have,
6  and had, a mandatory duty of care to properly and adequately hire,
7  train, retrain, supervise and discipline its officers, including
8  defendants COUNTY EMPLOYEES and CITY EMPLOYEES, so as to avoid
9  unreasonable risk of harm to its citizens, including the deprivation
10  of civil rights.

11      61. Defendants COUNTY OF LOS ANGELES and CITY OF MANHATTAN
12  BEACH, together with various other officials, whether named or
13  unnamed, had either actual or constructive knowledge of the deficient
14  policies, practices, customs, and usages, as alleged herein. Despite
15  such knowledge, defendants COUNTY OF LOS ANGELES and CITY OF
16  MANHATTAN BEACH, failed to provide the training, monitoring,
17  supervision, intervention and/or control necessary to eradicate the
18  unnecessary, unreasonable and/or excessive use of force, unlawful
19  searches and seizures, and unlawful harassment, threats, coercion
20  and intimidation of its officers, including defendants COUNTY
21  EMPLOYEES and CITY EMPLOYEES, particularly when its officers work
22  off-duty in various security positions. As a result of such failure,
23  defendants COUNTY OF LOS ANGELES and CITY OF MANHATTAN BEACH ratified
24  its officers' disregard of constitutional and statutory rights as
25  alleged herein.

26      62. As a proximate result of the conduct of defendants COUNTY OF
27  LOS ANGELES and CITY OF MANHATTAN BEACH, together with various other
28  officials, whether named or unnamed, plaintiff MARK HUTNYAN suffered

1   serious injuries to his health, strength, and activity, including but
2   not limited to, injuries to his body, shock to his nervous system,
3   and emotional injuries, all of which have caused, now cause, and
4   will continue to cause plaintiff MARK HUTNYAN great physical and
5   mental pain and suffering, all to plaintiff MARK HUTNYAN's general
6   and special damages in an amount according to proof at trial.

7       63. The conduct of defendants COUNTY EMPLOYEES and CITY
8   EMPLOYEES was malicious, oppressive, wanton and/or in reckless
9   disregard of plaintiff MARK HUTNYAN's rights entitling plaintiff
10  to punitive damages against these specific defendants.

11      64. By virtue of the provisions of 42 U.S.C. § 1988, plaintiff
12  MARK HUTNYAN is entitled to an award of attorneys' fees.

13

14              **THIRD CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF**

15              **EMOTIONAL DISTRESS AGAINST DEFENDANTS, AND EACH OF THEM**

16      65. Plaintiff hereby repeats and realleges each and every
17  allegation contained in paragraphs 1 through 64, inclusive, of
18  this Complaint as though set forth at length herein.

19      66. The conduct of defendants, and each of them, as set forth in
20  this Complaint, was extreme and outrageous conduct with the intention
21  of causing, or the reckless disregard of the probability of causing,
22  emotional distress.

23      67. As a proximate result of the conduct of defendants, and each
24  of them, as set forth in this Complaint, plaintiff MARK HUTNYAN
25  suffered severe emotional distress.

26  / / /

27  / / /

28  / / /

68. The conduct of defendants, and each of them, was malicious, oppressive, wanton and/or in reckless disregard of plaintiff MARK HUTNYAN's rights entitling plaintiff to punitive damages against defendants, and each of them, except as to defendants COUNTY OF LOS ANGELES and CITY OF MANHATTAN BEACH.

**FOURTH CAUSE OF ACTION FOR ASSAULT AND BATTERY AGAINST DEFENDANTS DIANE CAFFERATA HUTNYAN, KRISTIAN HERZOG ALSO KNOWN AS KRIS HERZOG, INDIVIDUALLY AND DOING BUSINESS AS THE BODYGUARD GROUP OF BEVERLY HILLS, COUNTY OF LOS ANGELES, RICKY TYSON, EDDIE CARTER, GLENN VALVERDE, NICOLAS JOHNSTON, GERMAINE MOORE, AND DOES 1 TO 10, INCLUSIVE**

69. Plaintiff hereby repeats and realleges each and every allegation contained in paragraphs 1 through 68, inclusive, of this Complaint as though set forth at length herein.

70. In doing the acts set forth in this Complaint, defendants intended to cause harm to plaintiff MARK HUTNYAN.

71. At all times relevant herein, plaintiff MARK HUTNYAN believed that he would be struck about his body, and in fact was struck upon his body by defendants during the invasion into his Home on or about March 25, 2016.

72. Plaintiff MARK HUTNYAN did not consent to be struck about his body, and defendants' conduct was a substantial factor in bringing about the harm suffered by plaintiff MARK HUTNYAN.

73. As a proximate result of the conduct of defendants, plaintiff MARK HUTNYAN suffered serious injuries to his health, strength, and activity, including but not limited to, injuries to his body, shock to his nervous system, and emotional injuries, all

of which have caused, now cause, and will continue to cause plaintiff MARK HUTNYAN great physical and mental pain and suffering, all to plaintiff MARK HUTNYAN's general and special damages in an amount according to proof at trial.

74. The conduct of defendants was willful, wanton, malicious, intentional, and oppressive, in that said defendants demonstrated a conscious and deliberate disregard of the rights, safety, and interests of others, including plaintiff MARK HUTNYAN, and therefore, are guilty of oppression, malice and wanton disregard of the rights, welfare and safety of plaintiff MARK HUTNYAN, and plaintiff MARK HUTNYAN is entitled to an award of punitive damages against these specific defendants.

WHEREFORE, plaintiff MARK HUTNYAN prays for judgment against defendants, and each of them, as follows:

1. For general damages in an amount according to proof;

2. For special damages according to proof;

3. For punitive and exemplary damages as to the appropriate defendants;

4. For attorneys' fees and costs of suit pursuant to 42 U.S.C. § 1988;

5. For prejudgment interest according to proof;

6. For costs of suit incurred herein; and

7. For such other and further relief as the Court may deem just and proper.

DATED: January 23, 2017        LAW OFFICES OF LARRY M. BAKMAN
                                  LAW OFFICES OF GARRY S. MALIN, APC

By: _____
             GARRY S. MALIN
             Attorneys for Plaintiff

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a trial by jury in this action.

3

DATED: January 23, 2017                    LAW OFFICES OF LARRY M. BAKMAN
                                           LAW OFFICES OF GARRY S. MALIN, APC

4

5

6      By: _____

       GARRY S. MALIN
7      Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28