Mildred K. O'Linn (State Bar No. 159055)
  mko@manningllp.com
Courtney R. Arbucci (State Bar No. 266036)
  cya@manningllp.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants,
CITY OF MANHATTAN BEACH,
RYAN SMALL, CHAD SWANSON,
CHRIS NGUYEN, AND TERESA
MANQUEROS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARK HUTNYAN,,<br><br>Plaintiff,<br><br>v.<br><br>DIANE CAFFERATA HUTNYAN; KRISTIAN HERZOG Also Known As KRIS HERZOG, Individually and Doing Business As THE BODY GUARD GROUP OF BEVERLY HILLS; COUNTY OF LOS ANGELES; RICKY TYSON; EDDIE CARTER; GLENN VALVERDE; NICOLAS JOHNSTON; GERMAINE MOORE; CITYOF MANHATTAN BEACH; RYAN SMALL; CHAD SWANSON; CHRIS NGUYEN; TERESA MANQUEROS; and DOES 1 to 10, Inclusive,,<br><br>Defendants. | Case No. 2:17-cv-00545-PSG-ASx<br>[Hon. Philip S. Gutierrez, District Judge; Hon, Alka Sagar, Magistrate Judge]<br><br>**ANSWER OF DEFENDANTS CITY OF MANHATTAN BEACH, RYAN SMALL, CHAD SWANSON, CHRIS NGUYEN, AND TERESA MANQUEROS TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**<br><br><br>Complaint Filed:  01/23/17<br>Trial Date:          N/A |

TO PLAINTIFF MARK HUTNYAN, AND TO HIS ATTORNEYS OF RECORD:

  Defendants CITY OF MANHATTAN BEACH, RYAN SMALL, CHAD SWANSON, CHRIS NGUYEN, and TERESA MANQUEROS ("answering defendants") answer the complaint ("complaint") of plaintiff MARK HUTNYAN

1

("plaintiff") filed on January 23, 2017, and admit, deny, and allege as follows:

1. Answering paragraph 1, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

2. Answering paragraph 2, answering defendants admit the allegations contained therein.

3. Answering paragraph 3, answering defendants admit the allegations contained therein.

4. Answering paragraph 4, answering defendants admit the allegations contained therein.

5. Answering paragraph 5, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

6. Answering paragraph 6, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

7. Answering paragraph 7, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

8. Answering paragraph 8, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

9. Answering paragraph 9, answering defendants deny the allegations contained therein, except for the following allegations which are admitted: Defendant County of Los Angeles is a public entity.

10. Answering paragraph 10, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

11. Answering paragraph 11, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

12. Answering paragraph 12, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

13. Answering paragraph 13, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

14. Answering paragraph 14, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

15. Answering paragraph 15, answering defendants admit the allegations contained therein.

16. Answering paragraph 16, answering defendants admit the allegations contained therein.

17. Answering paragraph 17, answering defendants admit the allegations contained therein.

18. Answering paragraph 18, answering defendants admit the allegations contained therein.

19. Answering paragraph 19, answering defendants admit the allegations contained therein.

20. Answering paragraph 20, answering defendants deny the allegations contained therein.

21. Answering paragraph 21, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

///

22. Answering paragraph 22, answering defendants deny the allegations contained therein.

23. Answering paragraph 23, answering defendants deny the allegations contained therein.

24. Answering paragraph 24, answering defendants deny the allegations contained therein.

25. Answering paragraph 25, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations, except for the following which are admitted: a claim was presented to defendant CITY OF MANHATTAN BEACH on September 23, 2016, and the claim was rejected by defendant CITY OF MANHATTAN BEACH on October 20, 2016.

26. Answering paragraph 26, answering defendants deny the allegations contained therein.

27. Answering paragraph 27, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

28. Answering paragraph 28, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

29. Answering paragraph 29, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

30. Answering paragraph 30, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

///
///

31.  Answering paragraph 31, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

32.  Answering paragraph 32, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

33.  Answering paragraph 33, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

34.  Answering paragraph 34, answering defendants deny the allegations contained therein, except for the following which are admitted: On March 23, 2016, an e-mail was sent by the Bodyguard Group to the Manhattan Beach Police Department, and that the Bodyguard Group would be wearing body cameras while inside the Home.

35.  Answering paragraph 35, answering defendants deny the allegations contained therein, except for the following which are admitted: On March 23, 2016, an e-mail was sent by the Bodyguard Group to the Manhattan Beach Police Department, and that plaintiff would make a fake 911 call to the Manhattan Beach Police Department.

36.  Answering paragraph 36, answering defendants deny the allegations contained therein, except for the following which are admitted: On March 23, 2016, there was a telephone conversation between defendant Lt. Small and defendant Herzog.

37.  Answering paragraph 37, answering defendants deny the allegations contained therein, except for the following which are admitted: On March 25, 2016, defendant Herzog called and spoke with dispatch of the Manhattan Beach Police Department, and that they will be making access to the Home even if forced entry is necessary.

1  38. Answering paragraph 38, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

4  39. Answering paragraph 39, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

7  40. Answering paragraph 40, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

10  41. Answering paragraph 41, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

13  42. Answering paragraph 42, answering defendants deny the allegations contained therein, except for the following which are admitted: on March 25, 2016, plaintiff called 911 and described to dispatch of the Manhattan Beach Police Department what was happening at the Home.

17  43. Answering paragraph 43, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations, except for the following which are admitted: defendants CHAD SWANSON, CHRIS NGUYEN and TERESA MANQUEROS are police officers employed by defendant CITY OF MANHATTAN BEACH through the Manhattan Beach Police Department, and arrived to the Home on March 25, 2016.

24  44. Answering paragraph 44, answering defendants deny the allegations contained therein.

26  45. Answering paragraph 45, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

46. Answering paragraph 46, answering defendants deny the allegations contained therein.

47. Answering paragraph 47, answering defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

48. Answering paragraph 48, answering defendants deny the allegations contained therein.

49. Answering paragraph 49, which incorporates by reference the allegations of other paragraphs of the complaint, answering defendants incorporate by reference to the same extent the answers provided herein to those paragraphs.

50. Answering paragraph 50, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

51. Answering paragraph 51, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

52. Answering paragraph 52, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

53. Answering paragraph 53, answering defendants deny the allegations contained therein.

54. Answering paragraph 54, answering defendants deny the allegations contained therein.

55. Answering paragraph 55, answering defendants deny the allegations contained therein.

56. Answering paragraph 56, answering defendants deny the allegations contained therein.

57. Answering paragraph 57, which incorporates by reference the allegations of other paragraphs of the complaint, answering defendants incorporate by reference to the same extent the answers provided herein to those paragraphs.

///

58. Answering paragraph 58, answering defendant CITY OF MANHATTAN BEACH denies the allegations contained therein. Answering paragraph 58, the cause of action is not alleged against answering defendants RYAN SMALL, CHAD SWANSON, CHRIS NGUYEN, and TERESA MANQUEROS , and on that basis the paragraph goes unanswered by them.

59. Answering paragraph 59, answering defendant CITY OF MANHATTAN BEACH denies the allegations contained therein. Answering paragraph 59, the cause of action is not alleged against answering defendants RYAN SMALL, CHAD SWANSON, CHRIS NGUYEN, and TERESA MANQUEROS , and on that basis the paragraph goes unanswered by them.

60. Answering paragraph 60, answering defendant CITY OF MANHATTAN BEACH denies the allegations contained therein. Answering paragraph 60, the cause of action is not alleged against answering defendants RYAN SMALL, CHAD SWANSON, CHRIS NGUYEN, and TERESA MANQUEROS , and on that basis the paragraph goes unanswered by them.

61. Answering paragraph 61, answering defendant CITY OF MANHATTAN BEACH denies the allegations contained therein. Answering paragraph 61, the cause of action is not alleged against answering defendants RYAN SMALL, CHAD SWANSON, CHRIS NGUYEN, and TERESA MANQUEROS , and on that basis the paragraph goes unanswered by them.

62. Answering paragraph 62, answering defendant CITY OF MANHATTAN BEACH denies the allegations contained therein. Answering paragraph 62, the cause of action is not alleged against answering defendants RYAN SMALL, CHAD SWANSON, CHRIS NGUYEN, and TERESA MANQUEROS , and on that basis the paragraph goes unanswered by them.

63. Answering paragraph 63, answering defendant CITY OF MANHATTAN BEACH denies the allegations contained therein. Answering paragraph 63, the cause of action is not alleged against answering defendants RYAN

1 SMALL, CHAD SWANSON, CHRIS NGUYEN, and TERESA MANQUEROS ,
2 and on that basis the paragraph goes unanswered by them.
3   64. Answering paragraph 64, answering defendant CITY OF
4 MANHATTAN BEACH denies the allegations contained therein.  Answering
5 paragraph 64, the cause of action is not alleged against answering defendants RYAN
6 SMALL, CHAD SWANSON, CHRIS NGUYEN, and TERESA MANQUEROS ,
7 and on that basis the paragraph goes unanswered by them.
8   65. Answering paragraph 65, which incorporates by reference the
9 allegations of other paragraphs of the complaint, answering defendants incorporate
10 by reference to the same extent the answers provided herein to those paragraphs.
11   66. Answering paragraph 66, answering defendants deny the allegations
12 contained therein.
13   67. Answering paragraph 67, answering defendants deny the allegations
14 contained therein.
15   68. Answering paragraph 68, answering defendants deny the allegations
16 contained therein.
17   69. Answering paragraph 69, which incorporates by reference the
18 allegations of other paragraphs of the complaint, answering defendants incorporate
19 by reference to the same extent the answers provided herein to those paragraphs.
20   70. Answering paragraph 70, the cause of action is not alleged against
21 these answering defendants, and on that basis the paragraph goes unanswered.
22   71. Answering paragraph 71, the cause of action is not alleged against
23 these answering defendants, and on that basis the paragraph goes unanswered.
24   72. Answering paragraph 72, the cause of action is not alleged against
25 these answering defendants, and on that basis the paragraph goes unanswered.
26   73. Answering paragraph 73, the cause of action is not alleged against
27 these answering defendants, and on that basis the paragraph goes unanswered.
28 ///

74. Answering paragraph 74, the cause of action is not alleged against these answering defendants, and on that basis the paragraph goes unanswered.

75. Answering plaintiff's prayer for judgment, these answering defendants deny all liability to plaintiff, including but not limited to all liability for any damages (general, special, punitive, exemplary or otherwise), penalties, fees, prejudgment interest, or costs of any kind, or for any relief of any kind from any of the answering defendants to plaintiff.

**FIRST AFFIRMATIVE DEFENSE**

76. Plaintiff's claims are barred, in whole or in part, by laches in that plaintiff, without good cause, unreasonably delayed in commencing this action against these answering defendants, to the substantial prejudice of these answering defendants.

**SECOND AFFIRMATIVE DEFENSE**

77. Plaintiff's claims are barred by the applicable statute of limitations, including but not limited to, California Code of Civil Procedure §§ 335.1, 339, 340, 342, and California Government Code § 950.6.

**THIRD AFFIRMATIVE DEFENSE**

78. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, in that plaintiff knowingly waived, by verbal expression or conduct, any known right which he may have had against this answering defendant.

**FOURTH AFFIRMATIVE DEFENSE**

79. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, in that plaintiff is estopped from asserting any right which he may have against this answering defendant.

**FIFTH AFFIRMATIVE DEFENSE**

80. These answering defendant is not liable pursuant to the doctrine of assumption of the risk, in that at all times mentioned in the complaint, plaintiff knew the risks involved in placing himself in the position which he then assumed, and

voluntarily assumed such risk, including, but not limited to, the risk of personal injury.

### SIXTH AFFIRMATIVE DEFENSE

81. Any injury to plaintiff was due to and cause by the negligence, carelessness, and omissions of plaintiff, which negligence, carelessness and omissions were the proximate cause of plaintiff's damages. To the extent that plaintiff suffered any detriment caused or contributed to plaintiff's own negligence, carelessness and omissions, plaintiff's damages should be barred or reduced in direct proportion to plaintiff's own comparative or contributory fault.

### SEVENTH AFFIRMATIVE DEFENSE

82. Plaintiff's claims under the Federal Civil Rights Act are barred due to the existence of adequate state remedies.

### EIGHTH AFFIRMATIVE DEFENSE

83. Plaintiff's claims under the Federal Civil Rights Act are barred because common law causes of action do not constitute cognizable claims under 42 U.S.C. § 1983.

### NINTH AFFIRMATIVE DEFENSE

84. Plaintiff's claims under the Federal Civil Rights Act are barred because plaintiff suffered no actual damages and there is no right to recover damages based on the abstract value of constitutional rights.

### TENTH AFFIRMATIVE DEFENSE

85. Plaintiff's claims under the Federal Civil Rights Act are barred because the complaint fails to allege facts that go beyond mere tortious conduct and rise to the dignity of a civil rights violation.

### ELEVENTH AFFIRMATIVE DEFENSE

86. Plaintiff's claims under the Federal Civil Rights Act are barred because negligent conduct is insufficient to constitute a violation of rights.

///

### TWELFTH AFFIRMATIVE DEFENSE

87. Plaintiff's claims under the Federal Civil Rights Act against the answering individual defendants are barred because the individual answering defendant acted in good faith with an honest and reasonable belief that the actions taken were necessary and appropriate.

### THIRTEENTH AFFIRMATIVE DEFENSE

88. Plaintiff's claims under the Federal Civil Rights Act against the answering individual defendants are barred because their conduct did not violate clearly established rights.

### FOURTEENTH AFFIRMATIVE DEFENSE

89. Plaintiff's claims under the Federal Civil Rights Act against the answering individual defendants are barred because they acted in good faith and without malice under the apparent authority of an enactment.

### FIFTEENTH AFFIRMATIVE DEFENSE

90. Plaintiff's claim under the Federal Civil Rights Act is barred because liability against the answering individual defendants cannot be predicated on imputed liability.

### SIXTEENTH AFFIRMATIVE DEFENSE

91. Plaintiff's claim under the Federal Civil Rights Act against the answering entity defendant is barred because the alleged violation of civil rights did not occur pursuant to a government policy, practice or custom.

### SEVENTEENTH AFFIRMATIVE DEFENSE

92. Plaintiff's claim under the Federal Civil Rights Act is barred because liability against this answering entity defendant cannot be predicated on respondeat superior.

///
///
///

### EIGHTEENTH AFFIRMATIVE DEFENSE

93. Plaintiff' claim for punitive damages under the Federal Civil Rights Act are barred because the answering individual defendant did not act with malice or with reckless indifference to the federally protected rights of the plaintiffs.

### NINETEENTH AFFIRMATIVE DEFENSE

94. Plaintiff's claims under the Federal Civil Rights Act are barred because the alleged deprivation of civil rights was not without due process of law.

### TWENTIETH AFFIRMATIVE DEFENSE

95. Plaintiff's recover is barred, in whole or in part, because any injury of damage suffered by plaintiff was caused solely by the wrongful acts and willful resistance to a peace officer in the discharge of his duties.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

96. Plaintiff's claims are barred, in whole or in part, by the doctrine of consent, in that plaintiff consented to and/or participated in the alleged acts or omissions, if any, and is barred from any relief as prayed for in the complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

97. The negligence and/or intentional conduct of a third person or persons were a superseding, intervening cause of plaintiff's injuries.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

98. The injuries and damages alleged by plaintiff, if any, were proximately caused by the acts, omissions, negligence, fraud and/or breach of obligations by persons or entities other than these answering defendants, and beyond the supervision and control of these answering defendants. These answering defendant requests that an allocation of negligence, conduct, and liability be made among such other persons or entities, and that, if any liability is found on the part of these answering defendants, judgment against these answering defendants be only in an amount which is proportionate to the extent and percentage by which these answering defendants' acts or omissions contributed to plaintiff's injuries or

damages, if at all.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

99. Plaintiff has failed to mitigate damages, and said failure to mitigate bars plaintiff from recovery in this action.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

100. Plaintiff's claim for emotional distress is barred because these answering defendants did not have knowledge of plaintiff's peculiar susceptibility to emotional distress, and plaintiff alleged no more than which a reasonable person would have been able to adequately cope.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

101. Plaintiff's claims, in whole or in part, are barred by the doctrine of unclean hands.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

102. Plaintiff's recovery is barred as to plaintiff's state law claims because these answering defendants, as public entities or public employees, are immune from liability for injury, whether caused by the act or omission of the public entity, an employee thereof, or any other person, except as expressly provided by statute.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

103. Plaintiff's state law claims against these answering defendants are barred because the factual allegations of plaintiff's complaint do not correspond with the facts set forth in plaintiff's written claim, thus plaintiff's complaint alleges a factual basis for recover which is not fairly reflected in plaintiff's written claim.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

104. As to plaintiff's state law claims against these answering defendants, plaintiff's recovery is barred because a public entity is immune from liability for any injury by one of its employees who is immune from liability, pursuant to California Government Code § 815.2(b).

///

### THIRTIETH AFFIRMATIVE DEFENSE

105. As to plaintiff's state law claims against these answering defendants, in engaging in the conduct which is the subject of the complaint, these answering defendants engaged in the exercise of discretion pursuant to California Government Code § 820.2.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

106. As to plaintiff's state law claims against these answering defendants, plaintiff's recover is barred because public entities and public employees are immune from liability for any act or omission while exercising due care in the execution or enforcement of any law pursuant to California Government Code § 820.4.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

107. As to plaintiff's state law claims against these answering defendants, except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person pursuant to California Government Code §820.8.

WHEREFORE, these answering defendants pray for judgment as follows:

1. That plaintiff takes nothing by this action;

2. That these answering defendants be awarded their attorneys' fees and costs of this suit; and

///
///
///
///
///
///
///
///

3. That these answering defendants be awarded such other relief as the court deems just and proper.

DATED: March 30, 2017

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By:    /s/ Mildred K. O'Linn
Mildred K. O'Linn
Courtney R. Arbucci
Attorneys for Defendants,
CITY OF MANHATTAN BEACH, RYAN SMALL, CHAD SWANSON, CHRIS NGUYEN, AND TERESA MANQUEROS

16

## DEMAND FOR TRIAL BY JURY

Defendants CITY OF MANHATTAN BEACH, RYAN SMALL, CHAD SWANSON, CHRIS NGUYEN, and TERESA MANQUEROS hereby demand a trial of this matter by jury.

DATED: March 30, 2017

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Mildred K. O'Linn
Mildred K. O'Linn
Courtney R. Arbucci
Attorneys for Defendants,
CITY OF MANHATTAN BEACH,
RYAN SMALL, CHAD SWANSON,
CHRIS NGUYEN, AND TERESA
MANQUEROS