1  PAUL B. BEACH, State Bar No. 166265
   pbeach@lbaclaw.com
2  SCOTT E. CARON, State Bar No. 227871
   scaron@lbaclaw.com
3  LAWRENCE BEACH ALLEN & CHOI, PC
   100 West Broadway, Suite 1200
4  Glendale, California  91210-1219
   Telephone No. (818) 545-1925
5  Facsimile No. (818) 545-1937

6  Attorneys for Defendant
   County of Los Angeles
7

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12  MARK HUTNYAN,                          )  Case No. 2:17-cv-00545-PSG-AS
                                           )
13            Plaintiff,                   )  Honorable Philip S. Gutierrez
                                           )
14       vs.                               )
                                           )  **DEFENDANT COUNTY OF LOS**
15  DIANE CAFFERATA HUTNYAN;               )  **ANGELES' NOTICE OF MOTION**
    KRISTIAN HERZOG Also Known As          )  **AND MOTION TO DISMISS**
16  KRIS HERZOG, Individually and          )  **PLAINTIFF'S COMPLAINT;**
    Doing Business As THE                  )  **MEMORANDUM OF POINTS AND**
17  BODYGUARD GROUP OF                     )  **AUTHORITIES**
    BEVERLY HILLS; COUNTY OF               )
18  LOS ANGELES; RICKY TYSON;              )  [*Request for Judicial Notice and*
    EDDIE CARTER; GLENN                    )  *Proposed Order filed concurrently*]
19  VALVERDE; NICOLAS JOHNSTON;)
    GERMAINE MOORE; CITY OF                )
20  MANHATTAN BEACH; RYAN                  )  Date:    June 12, 2017
    SMALL; CHAD SWANSON; CHRIS             )  Time:    1:30 p.m.
21  NGUYEN; TERESA MANQUEROS;              )  Crtm:    6A
    and DOES 1 to 10, Inclusive,           )
22                                         )
              Defendants.                  )
23                                         )

24

25       TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR

26  ATTORNEYS OF RECORD:

27       PLEASE TAKE NOTICE that on June 5, 2017, at 1:30 p.m., or as soon

28  thereafter as Defendants may be heard, in Courtroom 6A of the above-entitled

                                   1

1   Court, located at 350 West 1st Street, Los Angeles, California 90012-4565,

2   Defendant COUNTY OF LOS ANGELES will move the Court for an order

3   dismissing Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of

4   Civil Procedure.  The motion will be made on grounds that the complaint fails to

5   allege facts sufficient to state a cause of action against the County of Los

6   Angeles.

7          This Motion is based upon this Notice, the accompanying Memorandum of

8   Points and Authorities, Request for Judicial Notice, exhibits and the pleadings on

9   file herein, and upon such further matters as may be presented at or before the

10  hearing of this Motion.  This Motion is made following counsel for Defendants'

11  unsuccessful attempt to informally resolve these issues in good faith pursuant to

12  Local Rule 7-3 on March 24, 2017.

13

14  Dated:  April 5, 2017                    LAWRENCE BEACH ALLEN & CHOI, PC

15

16                                          By _____/s/  Scott E. Caron_____

17                                                Scott E. Caron
                                            Attorneys for Defendant
18                                          County of Los Angeles

19

20

21

22

23

24

25

26

27

28

2

## TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES........................  1

I.   INTRODUCTION. ...........................................................................................1

II.  PLAINTIFF'S COMPLAINT FAILS TO ALLEGE FACTS
     SUFFICIENT TO STATE A CAUSE OF ACTION AGAINST THE
     COUNTY OF LOS ANGELES.....................................................................1

     A.   The Complaint Fails to Allege Facts Sufficient to State a Cause of
          Action Under 42 U.S.C. § 1983.......................................................3

          1.  Both Causes of Action Under 42 U.S.C. § 1983 Fail Because
          Plaintiff Has Not Sufficiently Pled a Violation of His Fourth or Fourteenth
          Amendment Rights. .......................................................................3

          2.  Both Causes of Action Under 42 U.S.C. § 1983 Fail Because the
          Complaint Fails to State Facts Showing Any County Employee Was
          Acting Under Color of Law. ..........................................................6

          3.  Plaintiff's First Cause of Action Fails Because It Is Premised on
          Individual Liability Rather Than Municipal Liability. ................8

          4.   Plaintiff's Second Cause of Action Fails Because It Does Not
          Allege Specific Facts Regarding the Alleged Policy, Practice, or Custom
          that Caused the Alleged Violation of Plaintiff's Fourth and Fourteenth
          Amendment Rights. ........................................................................9

     B.   The Complaint Fails to Allege Facts Sufficient to State a Cause of
          Action for Intentional Infliction of Emotional Distress. ............10

     C.   The Complaint Fails to Allege Facts Sufficient to State a Cause of
          Action for Assault or Battery.........................................................12

III. CONCLUSION................................................................................................13

i

1

# **TABLE OF AUTHORITIES**

2

3

**Cases**                                                           **Page(s)**

4

5
*Albright v. Oliver*,
 510 U.S. 266, 114 S.Ct. 807 (1994)...........................................................................4

6
*Armendariz v. Penman*,
 75 F.3d 1311 (9th Cir. 1996)...................................................................................4

7

8
*Ashcraft v. King*,
 228 Cal.App.3d 604 (1991)....................................................................................12

9
*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)........................................................................................passim

10

11
*Baker v. McCollan*,
 443 U.S. 137 (1979).................................................................................................4

12
*Balisteri v. Pacifica Police Dept.*,
 901 F.2d 696 (9th Cir. 1990)...............................................................................3, 6

13

14
*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (1955).................................................................................................2

15
*Bonsignore v. New York*,
 683 F.2d 635 (2d Cir. 1982).....................................................................................7

16

17
*Conley v. Gibson*,
 355 U.S. 41 (1957)...................................................................................................1

18
*Dang Vang v. Van Xiong X. Toyed*,
 944 F.2d 476 (9th Cir. 1991).....................................................................................7

19

20
*Dawkins v. City of Honolulu*,
 761 F.Supp.2d 1080 (D. Hawaii 2010) ...................................................................4

21
*Graham v. Connor*,
 490 U.S. 386 (1989).................................................................................................4

22

23
*Huffman v. County of Los Angeles*,
 147 F.3d 1054 (9th Cir. 1998)..................................................................................7

24
*Hufford v. McEnaney*,
 249 F.3d 1142 (9th Cir. 2001)..................................................................................4

25

26
*Hughes v. Pair*,
 46 Cal.4th 1035 (2009) ..........................................................................................10

27
*Illinois v. Rodriguez*,
 497 U.S. 177 (1990).................................................................................................5

28

*Lockhart v. County of Los Angeles*,
155 Cal.App.4th 289 (2007) ...........................................................................11

*Martinez v. Colon*,
54 F.3d 980 (1st Cir. 1995) ...........................................................................7

*May v. Twin Falls County Sheriff's Office*,
2014 WL 1317644 (D. Idaho 2014)...............................................................4

*Monell v. Dept. of Social Servs. of New. York*,
436 U.S. 658 (1978) .............................................................................*3, 8, 9*

*Moss v. U.S. Secret Service*,
572 F.3d 962 (9th Cir. 2009)..........................................................................2

*Neel v. Abrahamson*,
2007 WL 1378601 (D. Oregon 2007)...........................................................4, 5

*Parilla-Burgos v. Hernandez-Rivera*,
108 F.3d 445 (1st Cir. 1997) ........................................................................6

*Schreiner v. City of Gresham*,
681 F.Supp.2d 1270 (D. Oregon 2010).........................................................4

*Silva v. City of Honolulu*,
2012 WL 12892183 (D. Hawaii 2012) ..........................................................4

*So v. Shin*,
212 Cal.App.4th 652 (2013) ........................................................................12

*Van Ort v. Estate of Stanewich*,
92 F.3d 831 (9th Cir. 1996)...........................................................................7

**Statutes**

42 U.S.C. § 1983...................................................................................passim

Cal. Govt. Code § 815(a)...............................................................................11

Cal. Govt. Code § 815.2 ................................................................................12

Cal. Govt. Code § 815.2(a)............................................................................11

**Rules**

Federal Rule of Civil Procedure 8(a)(2) .........................................................2

Federal Rules of Civil Procedure Rule 12(b)(6)............................................2, 1

1

**Other**

Ninth Circuit Model Civil Jury Instruction No. 9.2 …………………………….6

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION.

Plaintiff alleges personnel of Defendant County of Los Angeles ("the County") entered a residence he was occupying on the evening of March 25, 2016.  (Complaint at ¶¶ 26-48.)  He claims the entry was illegal, despite the fact that they were accompanied by Plaintiff's ex-wife (Defendant Diane Cafferata Hutnyan), who had lawful authority to enter the residence at the time.  (Complaint at ¶¶ 26, 38; Request for Judicial Notice, Exhibit A at p. 10, ¶ 4.2.)  He further attempts to attribute their actions to the County, despite the fact that they were off-duty and working for a private security company at the time of the incident.  (Complaint at ¶¶ 31, 32.)  Although he claims he was struck on the arm and body during the incident, he does not allege who struck him or how the purported striking occurred.

Plaintiff's complaint asserts four causes of action against the County: (1) violation of Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983; (2) municipal liability under 42 U.S.C. § 1983; (3) intentional infliction of emotional distress; and (4) assault and battery.  Each cause of action fails because Plaintiff's complaint fails to allege facts sufficient to state a claim against the County.

## II.     PLAINTIFF'S COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CAUSE OF ACTION AGAINST THE COUNTY OF LOS ANGELES.

Fed. R. Civ. P. Rule 12(b)(6) provides that an action will be dismissed for failure to state a claim upon which relief may be granted.  A court will grant dismissal if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

1  Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a
2  "short and plain statement of the claim showing that the pleader is entitled to
3  relief."  Allegations that are conclusory and devoid of any factual basis do not
4  satisfy the pleading standard of *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009).
5  Proper pleading "demands more than an unadorned, the-defendant-unlawfully-
6  harmed-me accusation."  *Id*.  Under *Iqbal*, a complaint fails to satisfy the pleading
7  standard "if it tenders 'naked assertion[s]' devoid of 'further factual
8  enhancement.'"  *Id*. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.
9  544, 557 (1955)).  "To survive a motion to dismiss, a complaint must contain
10  sufficient factual matter, accepted as true, to 'state a claim to relief that is
11  plausible on its face' . . . [citations omitted] . . . A claim has facial plausibility
12  when the plaintiff pleads ***factual content*** that allows the court to draw the
13  reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.
14  (emphasis added).  Pleading therefore requires "more than a sheer possibility that
15  a defendant has acted unlawfully."  *Id*.

16  The Supreme Court has set out a two-pronged approach for reviewing
17  possible failure to state a claim. *Id.* at 678-681; *see also Moss v. U.S. Secret
18  Service*, 572 F.3d 962, 969–70 (9th Cir. 2009). First, the reviewing court should
19  identify those statements in a complaint that are actually conclusions, even if
20  presented as factual allegations. *Iqbal*, *supra*, 556 U.S. at 680-681. Such
21  conclusory statements (unlike proper factual allegations) are not entitled to a
22  presumption of truth.  *Id.*  In this context it is the conclusory nature of the
23  statements (rather than any fanciful or nonsensical nature) "that disentitles them
24  to the presumption of truth."  *Id.* at 681.  Second, the reviewing court presumes
25  the truth of any remaining well-pleaded factual allegations, and determines
26  whether these factual allegations and reasonable inferences from them plausibly
27  support a claim for relief. *Id.*; *see also Moss,* 572 F.3d at 969–70.

28

2

### A. The Complaint Fails to Allege Facts Sufficient to State a Cause of Action Under 42 U.S.C. § 1983.

Plaintiff asserts two causes of action under 42 U.S.C. § 1983.  The First Cause of Action alleges violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments, while the Second Cause of Action asserts a municipal theory of liability pursuant to an alleged policy, practice, or custom of the County.

To prevail on a cause of action under 42 U.S.C. § 1983 against a public entity such as the County of Los Angeles, Plaintiff must plead and prove the following: (1) County personnel violated Plaintiff's constitutional rights while acting under color of state law; and (2) the violation was caused by a policy, practice, or custom of the County of Los Angeles.  *Monell v. Dept. of Social Servs. of New. York*, 436 U.S. 658, 690 (1978); *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  As set forth below, both of Plaintiff's causes of action under 42 U.S.C. § 1983 fail because Plaintiff's Fourth and Fourteenth Amendment rights were not violated, and the complaint fails to allege facts showing that any County personnel acted under color of law or that any specific policy, practice, or custom that could have violated Plaintiff's constitutional rights.  Moreover, the First Cause of Action fails because it is premised on individual liability rather than municipal liability.

### 1. Both Causes of Action Under 42 U.S.C. § 1983 Fail Because Plaintiff Has Not Sufficiently Pled a Violation of His Fourth or Fourteenth Amendment Rights.

Plaintiff's § 1983 claims fail at the outset due to the absence of any allegation tending to show that any defendant violated his constitutional rights. To the extent Plaintiff asserts claims under the Fourteenth Amendment, his claims fail because they sound in the Fourth Amendment rather than the Fourteenth.  To the extent his claims are based on the alleged entry into the home and physical

1    contact with Plaintiff, his claims fail because Plaintiff's ex-wife had authority to

2    enter the residence and there is no allegation any County personnel made contact

3    with Plaintiff.

4         The First and Second Causes of Action should be dismissed to the extent

5    that they are based on the Fourteenth Amendment, because Plaintiff's claims are

6    more properly based on the Fourth Amendment.  "The first step in any [section

7    1983] claim is to identify the specific constitutional right allegedly infringed."

8    *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807 (1994) (citing *Graham v. Connor*,

9    490 U.S. 386, 394, 109 S.Ct. 1865 (1989) and *Baker v. McCollan*, 443 U.S. 137,

10   140, 99 S.Ct. 2689 (1979).  The Supreme Court has repeatedly stated that if there

11   is an explicit textual source of constitutional protection against a particular sort of

12   intrusive governmental conduct, the conduct is to be measured against the

13   particular constitutional provision and not against a more generalized

14   constitutional provision.  *See*, *Graham*, 490 U.S. at 395 ("the validity of the claim

15   must then be judged by reference to the specific constitutional standard which

16   governs that right . . . "); *Albright*, 510 U.S. at 274; *Hufford v. McEnaney*, 249

17   F.3d 1142, 1151 (9th Cir. 2001) *citing*, *Armendariz v. Penman*, 75 F.3d 1311,

18   1319 (9th Cir. 1996) (En Banc) ("If, in a Section 1983 suit, the plaintiff's claims

19   can be analyzed under an explicit textual source of rights in the Constitution, a

20   court should not resort to the 'more subjective standard of substantive due

21   process.'").

22        Under this analysis, federal courts have held that constitutional claims

23   based on allegations of illegal searches and seizures and excessive use of force

24   are covered by the Fourth Amendment, not the Fourteenth.  *See*, *e.g.*, *May v. Twin*

25   *Falls County Sheriff's Office*, 2014 WL 1317644 at *2-3 (D. Idaho 2014); *Silva v.*

26   *City of Honolulu*, 2012 WL 12892183 at *14-15 (D. Hawaii 2012); *Schreiner v.*

27   *City of Gresham*, 681 F.Supp.2d 1270, 1276 (D. Oregon 2010); *Dawkins v. City*

28   *of Honolulu*, 761 F.Supp.2d 1080, 1088-1089 (D. Hawaii 2010); *Neel v.*

4

1   *Abrahamson*, 2007 WL 1378601 at \*3 (D. Oregon 2007).  Therefore, to the extent

2   Plaintiff's First and Second Causes of Action are based on the Fourteenth

3   Amendment rather than the Fourth, they should be dismissed.

4        Moreover, the complaint does not allege facts sufficient even to state a

5   claim under the Fourth Amendment.  With respect to the claims that County

6   personnel illegally entered and/or searched Plaintiff's home, the complaint alleges

7   they did so at the behest, and with the cooperation, of Defendant Hutnyan.

8   (Complaint at ¶¶ 30-31, 33, 38.)  What the complaint fails to allege, however, is

9   that Defendant Hutnyan was a co-owner of the premises, and was lawfully

10  permitted to enter the premises on the date of the incident.  (Request for Judicial

11  Notice, Exhibit A at p. 10, ¶ 4.2.)  The complaint further fails to allege that, while

12  Plaintiff Hutnyan had possession of the premises for one year after he and

13  Defendant Hutnyan entered into a marital settlement agreement, that possession

14  ended on March 3, 2016 – more than three weeks prior to the incident alleged in

15  the complaint. [1]  (*Id*.)  Defendant Hutnyan therefore had the authority to enter the

16  premises, and to invite guests – including any County personnel who might have

17  been present on the date of the incident.  Even assuming the County personnel

18  acted under color of law (they did not – see below), their alleged presence was

19  therefore not a violation of the Fourth Amendment.  This is so because, according

20  to Plaintiff's allegations, Defendant Hutnyan – who had lawful authority to access

21  the premises and enter the residence – consented to the entry.  *Illinois v.*

22

23

———————————

24  [1] The Marital Settlement Agreement the Hutnyans entered into on March 3, 2015,
    provided that Mr. Hutnyan would occupy the residence up to one year, or some

25  other length of time agreed to by the parties, or until sold, whichever is earlier.
    (Request for Judicial Notice, Exhibit A at p. 10, ¶ 4.2.)  The incident took place

26  on March 25, 2016 – more than one year after the Marital Settlement Agreement

27  was executed, at which time Mr. Hutnyan no longer had the right to occupy the

28  premises, and at which time Mrs. Hutnyan, as co-owner, had the authority to enter
    the residence.

5

1  *Rodriguez,* 497 U.S. 177, 181 (1990) (search is lawful if consent is given by "the

2  individual whose property is searched . . . or from a third party who possesses

3  common authority over the premises").

4  　　　To the extent the complaint is based on the allegation that Plaintiff was

5  struck in his arm and on his body (Complaint at ¶ 38), the allegation fails because

6  the complaint does not allege that it was County personnel who allegedly struck

7  him.  Additionally, the allegation is conclusory, and fails to allege specific facts

8  as to how the alleged contact occurred.  As such, it does not satisfy the *Ashcroft v.*

9  *Iqbal* standard.

10  　　　　**2.**　　　　**Both Causes of Action Under 42 U.S.C. § 1983 Fail**

11  　　　　　　　　**Because the Complaint Fails to State Facts Showing Any**

12  　　　　　　　　**County Employee Was Acting Under Color of Law.**

13  　　　In order for Plaintiff's § 1983 claim to survive a motion to dismiss, he must

14  allege facts satisfying the pleading standard of *Ashcroft v. Iqbal* showing "that the

15  conduct complained of was committed by a person **acting under color of state**

16  **law**…." *Balisteri*, *supra*, 901 F.2d at 699 (emphasis added); *see also*, Ninth

17  Circuit Model Civil Jury Instruction No. 9.2

18  　　　The United States Supreme Court has explicitly held that, although "under

19  color of law" means under pretense of law, "**acts of officers in the ambit of their**

20  **personal pursuits are plainly excluded**." (emphasis added).  Conduct is not

21  considered to be under color of law "if the challenged conduct is not related in

22  some meaningful way either to the officer's governmental status or to the

23  performance of his duties." *Parilla-Burgos v. Hernandez-Rivera*, 108 F.3d 445,

24  449-451 (1st Cir. 1997).

25  　　　Off-duty conduct is presumptively not performed under color of law.

26  "'Private violence – even private violence engaged in by one who happens to

27  work for the state – has different legal ramifications than violence attributable to

28  state action.'" *Parilla-Burgos*, *supra*, 108 F.3d at 449 (officer who accepted

6

1  barroom challenge to engage in a fight was not acting under color of law though
2  he had previously stated he was a police officer, displayed his identification, told
3  patrons he was there to 'keep the peace' and shot plaintiffs' decedent with his
4  service revolver); *see also, Martinez v. Colon*, 54 F.3d 980, 988 (1st Cir. 1995)
5  (policeman who, during private harassment, unintentionally fired service revolver
6  thereby maiming fellow officer, was not acting under color of law); *Bonsignore v.*
7  *New York*, 683 F.2d 635, 639 (2d Cir. 1982) (held that acts committed by officer
8  is not "under color of law" if not in the performance of official duty).

9       The law of the Ninth Circuit is in accord.  *See*, *Huffman v. County of Los*
10  *Angeles*, 147 F.3d 1054, 1058, 1061 (9th Cir. 1998) (the plaintiff could not
11  establish § 1983 liability against the County because the off-duty deputy sheriff
12  had not acted "under color of law" because "[o]fficers who engage in
13  confrontations for personal reasons unrelated to law enforcement … do not act
14  under color of law"); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 838 (9th Cir.
15  1996) (off-duty policeman did not act under color of law where he was wearing
16  street clothes, instead of in uniform, did not display a badge, and robbed and
17  assaulted the plaintiffs in their residence); *Dang Vang v. Van Xiong X. Toyed*, 944
18  F.2d 476, 479 (9th Cir. 1991) ("The pretense is lacking if the wrongful act is 'not
19  in any way related to performance of the duties of the state employee'").

20       Plaintiff's complaint specifically alleges that the County personnel who
21  were purportedly involved in the incident were off-duty, and were working for a
22  private security company, at the time the alleged incident occurred.  (Complaint at
23  ¶¶ 31-32, 38.)  There are no facts alleged which suggest that any County
24  employee was on-duty and working for the County at the time, was advancing the
25  County's interests, or that the alleged conduct was "related in some meaningful
26  way" to their employment with the County.  There was no apparent benefit to the
27  County in the alleged conduct, nor is one alleged.

28

1    Although the complaint alleges in general terms that the individual

2  defendants' actions were under color of state law (Complaint at ¶ 53), this

3  conclusory allegation is devoid of factual support and thus fails to satisfy the

4  *Ashcroft v. Iqbal* standard.  The first and second causes of action should therefore

5  be dismissed because it is apparent that the County personnel Plaintiff claims were

6  involved in the incident were not acting under color of law.

7                      **3.        Plaintiff's First Cause of Action Fails Because It Is**

8                                  **Premised on Individual Liability Rather Than Municipal**

9                                  **Liability.**

10    Whereas a § 1983 claim against an individual government actor only

11  requires proof that the defendant violated the plaintiff's rights while acting under

12  color of state law, a § 1983 claim against a public entity such as the County of

13  Los Angeles requires an additional showing that the violation of rights was

14  caused by a policy, practice, or custom of the entity.  *Monell*, *supra*, 436 U.S. at

15  690.  Plaintiff's First Cause of Action does not allege that the purported violation

16  of Plaintiff's Fourth and Fourteenth Amendment rights was caused by a policy,

17  practice, or custom of the County of Los Angeles.

18    Indeed, based on the way the complaint is pled, it appears that Plaintiff's

19  First Cause of Action, which lacks allegations of a policy practice, or custom, was

20  intended to address the individual defendants, while the Second Cause of Action,

21  which includes such allegations, was intended to address the County and the City

22  of Manhattan Beach.  However, the First Cause of Action is still asserted against

23  all defendants, including the entity defendants.

24    To the extent Plaintiff contends both the First Cause of Action and the

25  Second Cause of Action are intended to be addressed to the County, the First

26  Cause of Action is duplicative of the Second.  In other words, if both causes of

27  action seek the same type of relief (municipal liability) from the same defendants,

28

8

1  with respect to the same alleged conduct, they are redundant and one should be

2  dismissed.

**4.      Plaintiff's Second Cause of Action Fails Because It Does**

**Not Allege Specific Facts Regarding the Alleged Policy,**

**Practice, or Custom that Caused the Alleged Violation of**

**Plaintiff's Fourth and Fourteenth Amendment Rights.**

7        In order to recover against a public entity defendant under § 1983, a

8  plaintiff must prove either: (1) an explicit wrongful government policy, or (2) a

9  pattern of wrongful acts by governmental officials which are "so permanent and

10  well-settled as to constitute an (unspoken) 'custom or usage' with the force of

11  law." *Monell*, *supra*, 436 U.S. at 690.

12        The complaint alleges that the County "caused plaintiff's injuries and

13  damages through their policies, practices, customs, and/or usages that ratify the

14  abuse and misuse of police power and the use of unnecessary and unreasonable

15  means . . .." (Complaint at ¶ 48.)  On its face, such an allegation does not satisfy

16  the *Ashcroft v. Iqbal* standard, because it does nothing more than recite the

17  elements of a municipal liability claim under § 1983.

18        In a later section of the complaint, under the Second Cause of Action,

19  Plaintiff alleges as follows with respect to the County:

20        "Defendant[] County of Los Angeles . . . maintained policies,

21        practices, customs, and usages, that condoned, tolerated, and allowed

22        its officers . . . to commit or execute (1) the unconstitutional use of

23        unnecessary, unreasonable, and/or excessive force, unlawful searches

24        and seizures, and unlawful harassment, threats, coercion, and

25        intimidation; (2) the culture and promotion of . . . unconstitutional use

26        of unnecessary, unreasonable, and/or excessive force, unlawful

27        searches and seizures, and unlawful harassment, threats, coercion, and

28

9

1    intimidation to achieve personal goals and ends; (3) defendant County

2    Employees' use of police power for personal reasons and goals . . .."

3  (Complaint at ¶ 59.)

4    While more detailed than the conclusory allegation found at ¶ 48, the

5  allegations found at ¶ 59 still fail to satisfy the *Ashcroft v. Iqbal* standard.  These

6  allegations merely assert "'naked assertion[s]' devoid of 'further factual

7  enhancement,'" rather than factual content that would allow the court to draw the

8  reasonable inference that the County is liable.  *Ashcroft*, 556 U.S. at 678.

9  Plaintiff fails to identify the specific policies, practices, or customs at issue;

10  Plaintiff only alleges what he believes the effects of the alleged policies,

11  practices, or customs are.  It is also unclear from the face of the complaint what

12  the relationship is between those alleged policies, practices, or customs and the

13  incident alleged in the complaint.  Absent allegations of a specific policy,

14  practice, or custom, and its relationship to the alleged incident, Plaintiff has failed

15  to plead sufficient facts to state a claim for municipal liability under the *Ashcroft*

16  *v. Iqbal* standard.

17    **B.    The Complaint Fails to Allege Facts Sufficient to State a Cause**

18    **of Action for Intentional Infliction of Emotional Distress.**

19    A state-law cause of action for intentional infliction of emotional distress

20  requires a plaintiff to plead and prove the following elements: (1) extreme and

21  outrageous conduct by the defendant; (2) intent to cause, or reckless disregard of

22  causing, emotional distress; (3) the plaintiff's suffering severe or extreme

23  emotional distress; and (4) causation between the defendant's outrageous conduct

24  and the emotional distress.  *Hughes v. Pair*, 46 Cal.4th 1035, 1050 (2009).

25  "Outrageous" is conduct which exceeds all bounds of that usually tolerated in a

26  civilized community.  *Id*. at 1051.  Furthermore, liability for intentional infliction

27  of emotional distress does not extend to mere insults, indignities, threats,

28  annoyances, petty oppressions, or other trivialities.  *Id*.

10

1    As with the first two causes of action, Plaintiff has not alleged any specific

2    facts, which would satisfy the pleading standard of *Ashcroft v. Iqbal*, that tend to

3    show any of the involved County personnel engaged in outrageous conduct.

4    Plaintiff has done nothing more than to allege, in conclusory fashion, that the

5    individual defendants' conduct "was extreme and outrageous . . . with the

6    intention of causing, or the reckless disregard of the probability of causing,

7    emotional distress." (Complaint at ¶ 66.)  As discussed above, however, *Ashcroft*

8    *v. Iqbal* requires more than a simple recitation of the elements of the cause of

9    action, devoid of any factual content.  Plaintiff is required to plead facts

10    establishing the allegedly outrageous nature of the individual defendants'

11    conduct.

12    To the extent Plaintiff may contend the alleged entry and search of the

13    residence constitutes outrageous conduct, any such contention fails.  As discussed

14    above, Defendant Hutnyan had the lawful authority to enter the premises and the

15    residence, and to invite any guests she might want to have there.  (Request for

16    Judicial Notice, Exhibit A at p. 10, ¶ 4.2.)  That being the case, the entry into the

17    residence was entirely lawful, and should not have been surprising to Plaintiff

18    who knew full well of Defendant Hutnyan's right to enter the premises.

19    Moreover, "[a]s a general rule, public entity liability [under California law]

20    only exists if there is an express statutory basis for such liability." *Lockhart v.*

21    *County of Los Angeles*, 155 Cal.App.4th 289, 304 (2007) (citing Cal. Govt. Code

22    § 815(a)).  Plaintiff has not alleged any statutory basis for his intentional

23    infliction of emotional distress claim, a defect that is fatal to the third cause of

24    action in and of itself.

25    To the extent Plaintiff intends to rely on Cal. Govt. Code § 815.2(a), which

26    generally provides that "[a] public entity is liable for injuries proximately caused

27    by an act or omission of an employee within the scope of his employment . . .,"

28    any such reliance would be misplaced.  Plaintiff does not allege any specific facts

11

1 | to establish that the County employees were acting within the scope of their job
2 | duties with the Sheriff's Department or Probation Department at the time of the
3 | incident.  To the contrary, the complaint specifically alleges the opposite – that
4 | the County employees were off-duty and were working for a private security
5 | company at the time of the incident.  (Complaint at ¶¶ 31, 32, 38.)  These
6 | allegations undermine any claim that the County employees were acting in the
7 | scope of their employment with the County at the time of the incident.

8 |         **C.**        **The Complaint Fails to Allege Facts Sufficient to State a Cause**
9 |                        **of Action for Assault or Battery.**

10 |      California law defines civil battery as "any intentional, unlawful and
11 | harmful contact by one person with the person of another."  *Ashcraft v. King*, 228
12 | Cal.App.3d 604, 611 (1991).  "The essential elements of a cause of action for
13 | assault are: (1) defendant acted with intent to cause harmful or offensive contact,
14 | or threatened to touch plaintiff in a harmful or offensive manner; (2) plaintiff
15 | reasonably believed she was about to be touched in a harmful or offensive manner
16 | or it reasonably appeared to plaintiff that defendant was about to carry out the
17 | threat; (3) plaintiff did not consent to defendant's conduct; (4) plaintiff was
18 | harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's
19 | harm."  *So v. Shin*, 212 Cal.App.4th 652, 668-669 (2013).

20 |      As discussed above, the complaint alleges that Plaintiff "believed that he
21 | would be struck about his body, and in fact was struck upon his body," and also
22 | that he "was struck on his arm" during the incident.  (Complaint at ¶ 38.)  He
23 | does not allege how he was struck or who struck him.  The absence of such
24 | allegations is fatal to the cause of action, because Plaintiff does not positively
25 | allege that the alleged contact was caused by any County personnel.

26 |      Finally, for the reasons discussed in Section II.B above, the fourth cause of
27 | action fails because it does not allege a statutory basis for the claim, nor,
28 | assuming Plaintiff intends to rely on Cal. Govt. Code § 815.2, does it allege any

12

1   facts showing that the individual defendants were acting in the scope of their

2   employment with the County at the time of the incident.

3   **III.     CONCLUSION.**

4          Based on the foregoing, Defendant County of Los Angeles respectfully

5   requests that Plaintiff's complaint be dismissed in its entirety.

6

7   Dated:  April 5, 2017                    LAWRENCE BEACH ALLEN & CHOI, PC

8

9                                            By _____/s/  Scott E. Caron_____

10                                                 Scott E. Caron
                                             Attorneys for Defendant
11                                           County of Los Angeles

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28