PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
SCOTT E. CARON, State Bar No. 227871
scaron@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendant
County of Los Angeles

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK HUTNYAN,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>DIANE CAFFERATA HUTNYAN; KRISTIAN HERZOG Also Known As KRIS HERZOG, Individually and Doing Business As THE BODYGUARD GROUP OF BEVERLY HILLS; COUNTY OF LOS ANGELES; RICKY TYSON; EDDIE CARTER; GLENN VALVERDE; NICOLAS JOHNSTON; GERMAINE MOORE; CITY OF MANHATTAN BEACH; RYAN SMALL; CHAD SWANSON; CHRIS NGUYEN; TERESA MANQUEROS; and DOES 1 to 10, Inclusive,<br><br>　　　Defendants. | Case No. 2:17-cv-00545-PSG-AS<br><br>Honorable Philip S. Gutierrez<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:　July 10, 2017<br>Time:　1:30 p.m.<br>Crtm:　6A |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

//

//

1

1  Defendant COUNTY OF LOS ANGELES ("the County") hereby submits
2  its reply to Plaintiff's opposition to the County's motion to dismiss.

4  Dated: June 26, 2017                    LAWRENCE BEACH ALLEN & CHOI, PC

6                                          By _____/s/ Scott E. Caron_____
7                                                  Scott E. Caron
                                            Attorneys for Defendant
8                                           County of Los Angeles

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. TO THE EXTENT PLAINTIFF FAILS TO RESPOND TO ARGUMENTS RAISED IN THE MOTION, THOSE ARGUMENTS SHOULD BE DEEMED CONCEDED.

In the motion to dismiss, the County raised, *inter alia*, the following arguments: (1) the first cause of action should be dismissed because it addresses only individual liability under § 1983; (2) to the extent the first cause of action is intended to address municipal liability under § 1983, it is redundant of the second cause of action and should therefore be dismissed; and (3) Plaintiff has not alleged a statutory basis for his causes of action for assault, battery, or intentional infliction of emotional distress. Plaintiff has failed to respond to, or even acknowledge, these arguments.

"[W]hen a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Quick Korner Market v. U.S. Department of Agriculture, Food and Nutrition Service*, 180 F.Supp.3d 683, 696, fn. 12 (S.D. Cal. 2016) (quoting *Hopkins v. Women's Div. Gen. Bd. of Global Ministries*, 238 F.Supp.2d 174, 178 (D.C.C. 2002)); *see also Conservation Force v. Salazar*, 677 F.Supp.2d 1203, 1211 (N.D. Cal. 2009) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived."). These arguments, having no response in the opposition, should therefore be deemed admitted in the County's favor. These unopposed arguments alone warrant dismissal of Plaintiff's state law causes of action and first cause of action, and the County respectfully requests that those causes of action be dismissed accordingly.

## II. PLAINTIFF'S CONSPIRACY ALLEGATIONS DO NOT SAVE THE COMPLAINT.

Plaintiff contends that because he has alleged the County engaged in a conspiracy with the other defendants, and that the County can be held vicariously liable for the actions of its co-conspirators, the allegations are sufficient to impose

liability against the County. Plaintiff relies on ¶¶ 22-24 of the complaint in support of this argument. (Opposition at 11:14-16.)

Even assuming the County may be held liable for the actions of alleged co-conspirators, the conspiracy allegations do not save Plaintiff's complaint because the conspiracy allegations themselves fail to satisfy the *Ashcroft v. Iqbal* pleading standard. The portions of the complaint on which Plaintiff relies consist of nothing more than skeletal allegations that recite the elements of a civil conspiracy. As with the bulk of the complaint, however, Plaintiff has alleged no specific facts to support his conclusion that the parties were involved in a conspiracy. As discussed in the motion, under *Iqbal* a complaint fails to satisfy the pleading standard "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (1955)).

The conspiracy allegations therefore suffer from the same defect as the remainder of the complaint, at least with respect to the County of Los Angeles – Plaintiff has failed to allege anything more than the elements of the claim, accompanied by a bare conclusion, devoid of factual support, that those elements are satisfied. This is not sufficient. Because the conspiracy allegations fail to satisfy the *Ashcroft v. Iqbal* pleading standard, they cannot save the complaint.

### III. PLAINTIFF HAS NOT POINTED TO ANY ALLEGATIONS THAT SATISFY THE *ASHCROFT V. IQBAL* STANDARD.

More than one-third of Plaintiff's opposition consists of a verbatim recitation of the allegations set forth in the complaint. No amount of repetition, however, can mask the fact that Plaintiff's allegations fall well short of the *Ashcroft v. Iqbal* standard. Plaintiff's response to the arguments raised in the motion is insufficient to overcome dismissal of his complaint.

//
//
//

### A. Plaintiff Has Not Pointed to Any Allegations that Establish Any of the Alleged County Personnel Were Acting Under Color of Law.

Plaintiff's claims under 42 U.S.C. § 1983 require a showing that County personnel were acting under color of state law at the time of the incident. *Monell v. Dept. of Social Servs. of New. York*, 436 U.S. 658, 690 (1978); *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). The Ninth Circuit has noted that "[t]here is no 'rigid formula' for determining whether a state or local law enforcement official is acting under color of state law," and that the question turns on "'the nature and circumstances of the officer's conduct and the relationship of that conduct to the performance of his official duties.'" *Anderson v. Warner*, 451 F.3d 1063, 1968 (9th Cir. 2006) (quoting *Martinez v. Colon*, 54 F.3d 980, 986 (1st Cir. 1995)).

In an effort to show that the involved personnel were acting under color of state law, Plaintiff points to allegations that County personnel: (1) "broke into" his home; (2) intimidated and threatened him; (3) were armed; and (4) wore "tactical gear" and body cameras. (Opposition at 16:3-4.) None of these allegations, however, suggests state action; any of them might just as easily be performed by a private actor. All are actions that could be taken by someone in his individual capacity, acting as an individual to advance his or her own private interest. There is nothing in the complaint to suggest that these actions were "related in some meaningful way either to [their] governmental status or to the performance of [their] duties." *Parilla-Burgos v. Hernandez-Rivera*, 108 F.3d 445, 449-451 (1st Cir. 1997).

Even the allegations that County personnel were wearing "tactical gear" (a term that remains undefined in the complaint) are not necessarily suggestive of state action. The County personnel are alleged to have been employed by a private security company at the time. There is nothing in the complaint to suggest that

3

County personnel were acting to advance the interests of the County or that their conduct was in some way related to the performance of their governmental duties, as opposed to advancing the interests of the private security company they are alleged to have been working for.

Plaintiff's allegations do not in any way show state action. At the very most, the allegations show certain individuals alleged to be County employees, who, at the time of the incident, were engaged in personal pursuits in connection with a side job with a private security business. Such allegations are insufficient to state a claim under section 1983.

### B. Plaintiff Has Not Pointed to Any Allegations Showing a Violation of Plaintiff's Constitutional Rights.

In the motion, Defendants pointed out that, at the time of the incident, Plaintiff and Defendant Cafferata jointly owned the property. Plaintiff does not dispute this point; indeed, Plaintiff cites a portion of Judge Lewis's order in the underlying divorce proceeding in which Judge Lewis acknowledges Cafferata's lawful right to enter the residence. (Opposition at 13:9-17.) By citing, and relying on, this language, Plaintiff therefore also tacitly admits Cafferata's right to enter the premises.

Cafferata's lawful right to enter the premises is fatal to his claims against the County, since Plaintiff alleges the individual County employees acted together with Cafferata. In order to get around this problem, Plaintiff claims in his opposition that Cafferata had only the right to enter the premises upon reasonable notice. (Opposition at 2-3.) The opposition, however, ignores the fact (referenced in the motion) that Plaintiff's right to solely possess the premises ended prior to the incident at issue. (Defendant's RJN, Exhibit A at p. 10.) Any right Plaintiff had to reasonable notice necessarily ended when his right to possess the premises ended.

That Plaintiff no longer had the right to possess the premises is fatal to his claim that the County violated his Fourth and Fourteenth Amendment rights in

4

entering the residence.  At the point when his right to possess the premises ended, so ended any expectation of privacy he had in the residence and any rights he had under the Fourth or Fourteenth Amendments.

### C. Plaintiff Has Not Pointed to Any Allegations that Would Support His State Law Claims.

Plaintiff appears to stake his state law claims on the conspiracy allegations discussed above.  Because the conspiracy allegations are insufficient to satisfy the *Ashcroft v. Iqbal* pleading standard, any state law claims based on them fail.  This is especially true of the assault and battery claims, in which Plaintiff fails to allege precisely who struck him in the arm or how it happened.  Additionally, as discussed above, Plaintiff has failed to respond to the County's contention that Plaintiff has not alleged a statutory basis for the state law claims.  These claims should therefore be dismissed.

## IV. CONCLUSION.

Based on the foregoing, the County respectfully requests that all claims asserted against it be dismissed in their entirety.

Dated:  June 26, 2017                     LAWRENCE BEACH ALLEN & CHOI, PC


By _____/s/  Scott E. Caron_____
     Scott E. Caron
Attorneys for Defendant
County of Los Angeles

5