1  Harry A. Safarian (SBN 204106)
   THE SAFARIAN FIRM, APC
2  1000 N. Central Avenue, Suite 210
   Glendale, California 91202
3  Tel: (818) 334-8528
   Fax: (818) 334-8107
4
5  hs@safarianfirm.com

6  Attorneys for Defendant,
   DIANE CAFFERATA
7  (erroneously sued and served as "DIANE CAFFERATA HUTNYAN")

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| MARK HUTNYAN;<br><br>  Plaintiff,<br><br>  v.<br><br>DIANE CAFFERATA HUTNYAN; KRISTIAN HERZOG Also Known as KRIS HERZOG, Individually and Doing Business as THE BODYGUARD GROUP OF BEVERLY HILLS; COUNTY OF LOS ANGELES; RICK TYSON; EDDIE CARTER; GLENN VALVERDE; NICHOLAS JOHNSTON; GERMAINE MOORE; CITY OF MANHATTAN BEACH; RYAN SMALL; CHAD SWANSON; CHRIS NGUYEN; TERESA MANQUEROS,<br><br>  Defendants. | CASE NO. 2:17-cv-00545-PSG-ASx<br><br>Hon. Philip S. Gutierrez<br><br>**REPLY TO OPPOSITION OF PLAINTIFF MARK HUTNYAN TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**<br><br>**Date:** July 10, 2017<br>**Time:** 1:30 p.m.<br>**Judge:** Hon. Philip S. Gutierrez<br>**Courtroom:** 6A (6th Floor)<br><br>Complaint Served: Feb. 7, 2017<br>Response Date: March 30, 2017 |

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## SUMMARY OF REPLY.

Plaintiff Mark Hutnyan's complaint seeks to make a federal case out of a dispute between former spouses regarding use of community property. This Courtroom is not the forum for such a dispute. Just as a square peg does not fit into a round hole, Section 1983 liability is inapplicable to defendant Diane Cafferata in this case. A private citizen returned to her home, as permitted under the parties' Marital Settlement Agreement ("MSA"), with the assistance of a private security company. Nor does Plaintiff dispute that Ms. Cafferata had a right to be in the home.

Only by taking a tumble down a rabbit hole with Alice in Wonderland can someone take these basic set of facts and concoct a Section 1983 claim against private actors. This Court should decline Plaintiff's invitation to follow him.

Plaintiff fails to allege any facts past mere conclusions to support his claims that Ms. Cafferata is somehow responsible under a conspiracy theory for the actions taken by other private actors. What is more, Plaintiff fails to allege sufficient facts to show how Ms. Cafferata returning to her home, something Plaintiff admits she was entitled to do, could possibly cause him any harm. The four corners of Plaintiff's complaint admit of no claim for relief for Plaintiff against Ms. Cafferata. Accordingly, the complaint should be dismissed, with prejudice.

## II.

## PLAINTIFF'S CLAIMS AGAINST MS. CAFFERATA HINGE ON CONSPIRACY ALLEGATIONS THAT DO NOT PLAUSIBLY SUGGEST RELIEF AGAINST HER, REQUIRING DISMISSAL.

Plaintiff admits that he has not alleged any direct claims against Ms. Cafferata, but rather his claims against Ms. Cafferata are hinged upon his bald allegations of a conspiracy between Ms. Cafferata and other defendants. Opp. at pp.

11:4-5, 12:10-27, 16:2-10, and 18:5-8.  However, Plaintiff offers nothing more than the merely conclusory allegation that "Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each of the defendants acted in concert and in furtherance of each other's interests."  Complaint, ¶ 24.  Plaintiff points to no other allegations in his pleading to support this bald allegation of conspiracy.[1]

      Such a bald, conclusory, boilerplate allegation of conspiracy against Ms. Cafferata cannot pass muster.  There is no factual content to support the claim of conspiracy.  Indeed, Plaintiff fails to identify Ms. Cafferata by name as a co-conspirator, who specifically were her alleged co-conspirator state actors, the formation of the conspiracy, or what act Ms. Cafferata took in furtherance of the conspiracy.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  For Plaintiff to avoid dismissal of his claims against Ms. Cafferata, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Plaintiff's bald conspiracy allegations do not plausibly suggest he is entitled to relief against Ms. Cafferata under any of her claims.  Accordingly, all of Plaintiff's claims against Ms. Cafferata fail because he fails to allege facts plausibly suggesting the existence and operation of a conspiracy.

---

[1] Plaintiff also cites to paragraphs 22 and 23 of his pleading to support his allegations of conspiracy against Ms. Cafferata.  Those paragraphs, however, simply make generalized, boilerplate allegations of agency and ratification against all defendants.

3

REPLY TO OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

11:4-5, 12:10-27, 16:2-10, and 18:5-8.  However, Plaintiff offers nothing more than the merely conclusory allegation that "Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each of the defendants acted in concert and in furtherance of each other's interests."  Complaint, ¶ 24.  Plaintiff points to no other allegations in his pleading to support this bald allegation of conspiracy.[1]

    Such a bald, conclusory, boilerplate allegation of conspiracy against Ms. Cafferata cannot pass muster.  There is no factual content to support the claim of conspiracy.  Indeed, Plaintiff fails to identify Ms. Cafferata by name as a co-conspirator, who specifically were her alleged co-conspirator state actors, the formation of the conspiracy, or what act Ms. Cafferata took in furtherance of the conspiracy.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  For Plaintiff to avoid dismissal of his claims against Ms. Cafferata, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Plaintiff's bald conspiracy allegations do not plausibly suggest he is entitled to relief against Ms. Cafferata under any of her claims.  Accordingly, all of Plaintiff's claims against Ms. Cafferata fail because he fails to allege facts plausibly suggesting the existence and operation of a conspiracy.

---

[1] Plaintiff also cites to paragraphs 22 and 23 of his pleading to support his allegations of conspiracy against Ms. Cafferata.  Those paragraphs, however, simply make generalized, boilerplate allegations of agency and ratification against all defendants.

## III.

## THE COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF SECTION 1983 BECAUSE NO STATE ACTION IS ALLEGED AND MS. CAFFERATA IS NOT A STATE ACTOR.

Plaintiff's opposition fails to show any state action is alleged in his complaint. Plaintiff's own pleading recognizes Ms. Cafferata entered her home with the assistance of a privately retained security company. Complaint, ¶¶ 30-31 & 38. That alone should warrant a finding of no state action.

Plaintiff, however, argues that off-duty Los Angeles County Sheriff's Department deputies that comprised some of the private security company that entered the subject premises were somehow acting under the color of state law. Under Plaintiff's limitless construct, any off-duty law enforcement officer is always acting under color of state law. The law, however, is otherwise.

In *Barna v. City of Perth Amboy,* 42 F.3d 809 (3d Cir.1994), a police officer attacked an individual, who was his relation by marriage and, of course, therefore knew the officer personally. The officer used his service revolver and police-issued nightstick, *id.* at 813, yet the court held there was no action under color of state law. Merely because a police officer is recognized as an individual employed as a police officer does not alone transform private acts into acts under color of state law.

Here, Plaintiff does not allege that the private security company including off-duty law enforcement officers entered the subject premises claiming to be Los Angeles County Sheriff's deputies such that they were acting under color of state law. Plaintiff makes no allegation that member of the private security detail represented themselves to be Sheriff's deputies. Under such circumstances, the members of the private security detail "were "pursuing [their] own goals and [were] not in any way subject to control by [their public employer.]" *Mark v. Borough of Hatboro,* 51 F.3d 1137, 1151 *see also Screws v. United States*, 325 U.S. .91, 111 (1945) ("[U]nder 'color' of law means under 'pretense' of law. Thus, acts of officers

in the ambit of their personal pursuits are plainly excluded.")

There is no allegation the City of Manhattan Beach Police Department ("MBPD") did anything to participate in any alleged "home invasion" that forms the basis of Plaintiff's complaint. All Plaintiff alleges is that MBPD failed to investigate or intervene in the alleged "home invasion." Complaint, ¶¶ 43-44. Accordingly, there is no state action on the part of MBPD that led to any deprivation of Plaintiff's Constitutional rights. To the extent that MBPD did anything to deprive Plaintiff of any constitutional right— and no such deprivation can be gleaned—that certainly has nothing to do with Ms. Cafferata.

At the end of the day, all we have is a private citizen seeking to return to her home with the assistance of a private security company. There is no state action to glean from any of these facts that would warrant the transformation of a dispute between former spouses into a federal case. Plaintiff's Section 1983 claim should be dismissed, with prejudice.

## IV.
## THE COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF SECTION 1983 BECAUSE IT DOES NOT IDENTIFY DEPRIVATION OF CONSTITUTIONAL RIGHTS OR LAWS OF THE UNITED STATES COMMITTED BY MS. CAFFERATA.

Plaintiff's opposition fails to establish any deprivation of his Constitutional rights by Ms. Cafferata. As explained, Ms. Cafferata had full and equal rights to the home, and did nothing more than go home (which required the use of a locksmith when plaintiff violated the MSA by denying her entry into the jointly owned home). There is no contention Ms. Cafferata made contact with plaintiff, or otherwise harmed him, or his property. Simply stated, the complaint does not—and cannot—identify any Constitutional deprivation committed by Ms. Cafferata against him.

More fundamentally, it is mystifying how Plaintiff can believe he was deprived of property or subject to an unreasonable search when he knew Ms. Cafferata had every right to be in the home under the terms of the MSA. Accordingly, Plaintiff cannot make out any deprivation of a Constitutional right when Ms. Cafferata had every right to be in the home.

The defects with the section 1983 claim are incurable based upon the facts within the four corners of the complaint, especially when taking into consideration the judicially noticeable MSA and Judgment. Section 1983 claims such as Plaintiff's do not belong in this Courtroom. It should be dismissed.

## V.
## DISMISSAL OF THE INTENTIONAL INFLICTION CLAIM IS PROPER BECAUSE MS. CAFFERATA'S CONDUCT WAS NOT "EXTREME AND OUTRAGEOUS" AND DID NOT CAUSE "SEVERE EMOTIONAL DISTRESS."

Plaintiff fails to address Ms. Cafferata's argument she is not liable for the *alleged* unauthorized and unratified intentional misconduct of independent security agents she hired, and no facts are alleged that she did anything intentionally wrong. On this basis alone, Plaintiff's intentional infliction of emotional distress claim should be dismissed.

The state family law court itself recognized that Ms. Cafferata did nothing inappropriate herself. At the family law court hearing, the Honorable Thomas Trent Lewis observed:

> And I want to just say one other thing. The behavior here was not the behavior of the Petitioner [Ms. Cafferata] that caused the court to decide to issue the restraining order. It was the methodology selected by her agent, Mr. Herzog, that led to court to make the determination that it made

>                    and the way he conducted himself. And he was her agent.
>                    That's why I made the order, not because of anything she
>                    personally did that night. I don't think her behavior
>                    personally was inappropriate. It was consistent with
>                    tensions that exist between marital couples who are
>                    divorcing who have difficulty being around each other.
>                    The one that acted in what I consider a malevolent way
>                    was Mr. Herzog.

See Plaintiff's Request for Judicial Notice In Support of Opposition to Defendant Diane Cafferata's Motion to Dismiss at Exhibit 1 (Hearing Trans. at 13:20-14:4).

      Equally important, Plaintiff admits that Ms. Cafferata had every right to be in the home. Opp. at 16:11-19. Having admitted that Ms. Cafferata had every right to be in the home, Plaintiff simply cannot establish extreme and outrageous conduct by her, and Plaintiff certainly fails to do so in his pleading.

      Moreover, there is no contention Ms. Cafferata made contact with plaintiff, or his property, or did anything to cause "severe emotional distress." The complaint admits of no facts that Plaintiff suffered "severe emotional distress." Plaintiff merely offers the conclusory assertion his emotional distress was "severe," but offers no indication of any physical manifestations of distress, or the need for any physical or mental care relating to the incidents in question.

## VI.
## THE "ASSAULT AND BATTERY" CLAIM SHOULD BE DISMISSED AS THERE ARE NO FACTS ALLEGED INDICATING MS. CAFFERATA MADE, RATIFIED, OR AUTHORIZED A HARMFUL OR OFFENSIVE TOUCHING

      Plaintiff's assault and battery claim suffers from the same infirmity as his other claims. He makes conclusory allegations without any facts to support his

conclusion that he "believed that he would be struck about his body…" Complaint, ¶ 71. There are no facts alleged as to why he felt he would be "struck about his body." Nor are there any facts alleged as to what any specific defendant did to cause Plaintiff to form this belief.

As to the battery claim, Plaintiff again states baldly that he "was struck about his body during the invasion into his Home on or about March 25, 2016." Complaint, ¶ 71. There are no facts alleged regarding how he was struck about his body and by whom. A claim for relief cannot rest on such factually devoid conclusions.

## VII.
## CONCLUSION.

Plaintiff has failed to allege sufficient to plausibly suggest he has a viable claim against Ms. Cafferata. Nor could he, given his admission that Ms. Cafferata had every right to be in the home that formed the basis for this dispute. Accordingly, Ms. Cafferata respectfully requests that this Court grant this motion and dismiss Plaintiff's complaint, with prejudice.

THE SAFARIAN FIRM, APC

Dated: June 26, 2017         By /s/ Harry A. Safarian
                                Harry A. Safarian
                                Attorneys for Defendant,
                                DIANE CAFFERATA