UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV17-545 PSG AS | Date | August 29, 2017 |
|---|---|---|---|
| Title | Mark Hutnyan v. Diane Cafferata Hutnyan *et al*. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**     Order GRANTING in part and DENYING in part Defendants' motions to dismiss and DENYING Defendant's motion to strike

     Before the Court are Defendants Diane Cafferata, Kristian Herzog, Glenn Valverde, Nicolas Johnston and County of Los Angeles' motions to dismiss Plaintiff Mark Hutnyan's Complaint. Dkts. ## 14, 22, 39. Also before the Court is Diane Cafferata's motion to strike pursuant to Cal. Code Civ. P. § 425.16. Dkt. # 15. The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the arguments in the moving, opposing, and reply papers, the Court GRANTS in part and DENIES in part the Defendants' motions to dismiss and DENIES Cafferata's motion to strike.

I.      Background

     Plaintiff Mark Hutnyan ("Plaintiff") and Defendant Diane Cafferata ("Cafferata") were married for 22 years. Dkt. # 1, *Complaint* ("Compl.") ¶ 27. On March 5, 2015, Cafferata filed for dissolution of marriage and entered into a Martial Settlement Agreement that awarded Plaintiff temporary sole possession of the couples' Manhattan Beach home. *Id.* at ¶ 29. About one year later, Cafferata hired Kristian Herzog dba the Bodyguard Group of Beverly Hills ("Herzog") to evict Plaintiff from the house. Herzog employed off-duty County of Los Angeles police officers, including defendants Ricky Tyson, Eddie Carter, Glenn Valverde, Nicolas Johnston, and Germaine Moore (collectively, the "Bodyguard Defendants"). *Id.* at ¶¶ 30–31.

     On March 25, 2016, at approximately 10:00pm, Cafferata entered the couple's home using the services of a locksmith. *Id.* ¶ 38. She was accompanied by the BodyGuard Defendants who were armed, wearing tactical gear and body cameras. *Id.* Plaintiff, who was alone in the home at the time, claims that he was struck on his arm and his body during the search of the home, as well as harassed, threatened and intimidated. *Id.* ¶¶ 38–39. He further alleges that the Defendants threatened to damage his cars parked in the garage. *Id.* ¶ 40. After Plaintiff called

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-545 PSG AS | Date | August 29, 2017 |
|---|---|---|---|
| Title | Mark Hutnyan v. Diane Cafferata Hutnyan *et al*. | | |

911, he retreated in fear to his bedroom. *Id.* ¶ 42. City of Manhattan Beach police officers Chad Swanson, Chris Nguyen, and Teresa Manqueros arrived at the scene to investigate the incident. *Id.* at ¶ 43.

Prior to the alleged invasion, Plaintiff claims that "Herzog and the County Employees" communicated via email and telephone with the City of Manhattan Beach Police Department to notify them that they intended to enter Plaintiff's home along with Cafferata, that Plaintiff would then make a "fake 911 call" and that Plaintiff "was squatting in the house," and "inebriated most of the time." *Id*. ¶¶ 34–37.

On January 23, 2017, Plaintiff filed a Complaint asserting claims for: (1) deprivation of rights under the Fourth and Fourteenth Amendments, in violation of 42 U.S.C. § 1983 (against all Defendants); (2) municipal liability for unconstitutional customs, policies and practices in violation of 42 U.S.C. § 1983 (against the County of Los Angeles and City of Manhattan Beach); (3) intentional infliction of emotional distress (against all Defendants); and (4) assault and battery (against all Defendants, except City of Manhattan Beach). *See generally Compl.*

Three motions to dismiss have now been filed. First, Cafferata moves to dismiss the three causes of actions against her under Federal Rule of Civil Procedure 12(b)(6). Dkt. # 14, ("Cafferata Mot."). Second, the County of Los Angeles ("COLA") filed its own motion to dismiss all four causes of action under Federal Rule of Civil Procedure 12(b)(6). Dkt. # 22, ("COLA Mot."). Finally, Kristian Herzog, Glenn Valverde and Nicolas Johnston filed a motion to dismiss the three causes of action against them under Federal Rule of Civil Procedure 12(b)(6). Dkt. # 39 ("Herzog Mot").[1] In addition, Cafferata filed a special motion to strike pursuant to California's Anti-SLAPP statute. Dkt. # 15 ("MTS."). The Court will first address the motions to dismiss and then turn to the motion to strike.

II.     Motions to Dismiss

    A.     Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

---

[1] The remaining eight Defendants in this action – Ricky Tyson, Eddie Carter, Germaine Moore, City of Manhattan Beach, Ryan Small, Chad Swanson, Chris Nguyen, and Teresa Manqueros – are not parties to these motions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-545 PSG AS | Date | August 29, 2017 |
|---|---|---|---|
| Title | Mark Hutnyan v. Diane Cafferata Hutnyan *et al*. | | |

*Twombly*, 550 U.S. 544, 570 (2007)). When deciding a Rule 12(b)(6) motion, the court must accept the facts pleaded in the complaint as true, and construe them in the light most favorable to the plaintiff. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013); *Cousins v. Lockyer*, 568 F.3d 1063, 1067–68 (9th Cir. 2009). The court, however, is not required to accept "legal conclusions . . . cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

After accepting all non-conclusory allegations as true and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 556 U.S. at 679–80. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 638. In this regard, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

    B.    <u>Discussion</u>

The Court will address each cause of action in turn, focusing on the sufficiency of the allegations as to each moving Defendant.

        1.    <u>Deprivation of Civil Rights under 42 U.S.C. § 1983 (First Cause of Action)</u>

Plaintiff's first cause of action asserts deprivations of his civil rights protected by the Fourth and Fourteenth Amendments, brought under Section 1983 of Title 42 of the United States Code ("Section 1983" or "§ 1983"). *See Compl*. ¶¶ 49–56. The first cause of action is asserted against all Defendants.

Section 1983 provides a civil cause or action for violations of constitutional rights by state actors:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-545 PSG AS | Date | August 29, 2017 |
|---|---|---|---|
| Title | Mark Hutnyan v. Diane Cafferata Hutnyan *et al*. | | |

42 U.S.C. § 1983.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements, first, that a right secured by the Constitution and laws of the United States was violated, and second, that the alleged deprivation was committed by a person acting under color of state law." *See Jones v. Moran*, 900 F.Supp.1267, 1270 (N.D. Cal. 1995) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). "The traditional definition of acting under color of state law requires that the defendants in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 48 (quoting *U.S. v. Classic*, 313 U.S. 299, 326 (1941)). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations omitted). "Careful adherence to the 'state action' requirement" thus "preserves an area of individual freedom by limiting the reach of federal law and federal judicial power." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982).

Here, each Defendant moves to dismiss the § 1983 claim on grounds that there were no acts committed by a person acting under color of state law. *See Caferatta Mot*. 7; *Herzog Mot*. 3; *COLA Mot*. 6. Accordingly, the Court address the claim as it pertains to each moving Defendant.

As a threshold matter, however, the Court notes that Plaintiff asserts § 1983 claims against COLA in both his first cause of action for deprivation of constitutional rights as well as the second cause of action for unconstitutional customs, policies and practices. *See Compl*. To the extent Plaintiff premises his first cause of action against COLA on the conduct of its employees, such a claim must be dismissed as there is no vicarious liability under § 1983. *Gillette v. Delmore*, 979 F.2d 1342, 1348–49 (9th Cir. 1992) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."). "[L]iability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted); *see also Iqbal*, *supra*, at 1948 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Moreover, to the extent the first cause of action against COLA is premised on municipal liability for unlawful

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-545 PSG AS | Date | August 29, 2017 |
|---|---|---|---|
| Title | Mark Hutnyan v. Diane Cafferata Hutnyan *et al*. | | |

policies and customs, such a claim is duplicative of the second cause of action. The Court therefore dismisses the first cause of action against COLA, without leave to amend.

The Court now turns to the remaining individual Defendants.

   *1. Diane Cafferata*

Cafferata moves to dismiss the § 1983 claim against her for failure to state any facts that plausibly allege that she was a state actor acting under color of state law. *See Cafferata Mot.* 7–8.

As stated above, to prove a § 1983 violation against Cafferata, Plaintiff must show that Cafferata deprived him of a constitutional or statutory right while acting under color of state law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). When addressing whether a private party acted under color of law, courts start with the presumption that private conduct does not constitute governmental action. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999); *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir.1991) ("[P]rivate parties are not generally acting under color of state law.").

Here, Plaintiff does not allege that Cafferata is employed by the state, took any action on behalf of the state, or acted in any way "clothed with the authority of state law." *West*, 487 U.S. at 49. When "acting as private citizen[s,]" conduct is not "attributable to the state and can[no]t form the basis of a section 1983 claim." *Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012).

In his opposition, Plaintiff appears to argue that Cafferata may be held liable under § 1983 because she "entered into a joint action with state actors to violate Plaintiff's constitutional rights." Dkt. # 34 ("Opp.") 12. While private persons act under color of law for purposes of § 1983 when "jointly engaged with state officials," *Lugar*, 457 U.S. at 941, Plaintiff has not alleged joint action sufficient to elevate Cafferata to a state actor. The Complaint plainly asserts that Cafferata entered the home assisted by a privately retained security company. *Compl.* ¶¶ 30-31, 38. While the Court takes as true Plaintiff's allegation that some of the individuals accompanying Cafferata are COLA police officers, Plaintiff himself acknowledges they were "off-duty" and acting in their capacity as private bodyguards employed by Herzog. *See id.* ¶¶ 31–32; *Opp.* 13. As discussed in greater detail below, the Complaint is devoid of any allegations that these "off-duty" police officers participated in the incident in their official capacity such that they were acting under color of state law. As to the City of Manhattan Beach police officers, the Complaint asserts they arrived at the scene after the incident and "failed to properly investigate"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-545 PSG AS | Date | August 29, 2017 |
|---|---|---|---|
| Title | Mark Hutnyan v. Diane Cafferata Hutnyan *et al*. | | |

the alleged "home invasion." *Id*. ¶¶ 43–44. There are, however, no allegations that Cafferata engaged or directed these state officials in the underlying incident or subsequent investigation.[2] Moreover, the Court does not find that allegations of communications to the City of Manhattan Beach Police Department notifying them of Defendants' intended conduct renders Cafferata a state actor, and Plaintiff points to any authority to suggest otherwise.

Therefore, the Court GRANTS Cafferata's motion to dismiss the § 1983 claims against her. Although the Court does not believe Plaintiff could plausibly allege that Cafferata is herself a state actor, the Court grants leave to amend in order to allow Plaintiff to plausibly allege joint state action.

*2. Kristian Herzog, Nicolas Johnston and Glenn Valverde*

Defendants Herzog, Nicolas Johnston ("Johnston") and Glenn Valverde ("Valverde") move to dismiss the § 1983 claim against them on grounds that Plaintiff has failed to establish they were state actors for purposes of § 1983. *See Herzog Mot*.

As to Herzog, a private individual, Plaintiff has alleged no facts that would indicate that he is a "state actor" for the purposes of § 1983 liability. *West*, 487 U.S. at 49 (plaintiff must demonstrate that defendant "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law[,]"). According to the Complaint, Herzog is a retired police officer who operates a private bodyguard business, for which he "retains and privately employs law enforcement officers." *Compl*. ¶¶ 30–31. These allegations do not support a plausible inference that Herzog or his business is "controlled by an agency of the State . . . delegated a public function by the State . . . entwined with governmental policies, or [that the] government is entwined in its management or control." *See Chudacoff v. Univ. Med. Ctr. Of S. Nev.*, 649 F.3d 1143, 1150 (9th Cir. 2011) (internal citations omitted); *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 924 (9th Cir. 2011). Even viewed in light most favorable to Plaintiff, the allegations do not support the allegation that Herzog was acting under color of law when he entered Plaintiff's home in his capacity as a

---

[2] Although Plaintiff alleges upon information and belief that "at all times mentioned herein, each of the defendants acted in concert and in furtherance of each other's interests," such a boilerplate and conclusory assertion of conspiracy is insufficient to survive a motion to dismiss. *See Compl*. ¶ 24; *Twombly*, 550 U.S. at 555 (A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-545 PSG AS | Date | August 29, 2017 |
|---|---|---|---|
| Title | Mark Hutnyan v. Diane Cafferata Hutnyan *et al*. | | |

privately retained bodyguard. *See Huffman v. County of Los Angeles*, 147 F.3d 1054, 1058; *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 838.

As to Johnston and Valverde, the Complaint alleges that both are deputy officers employed by the County of Los Angeles' Sheriff's Department, "acting under color of law" and pursuant to policies and customs of COLA. *See Compl*. ¶¶ 12–13. Plaintiff also alleges that Johnston and Valverde "work off-duty . . . for Herzog and The Bodyguard Group." *Id*. ¶ 32. Thus, in order to establish that Johnston and Valverde were acting under color of law during the incident in question, Plaintiff must show that (1) "the officer [was] acting, purporting, or pretending to act in the performance of his official duties;" (2) the officer acts with the pretense of power with the intent to influence others' behavior, and (3) the conduct is "related in some meaningful way to the officer's governmental status or to the performance of his duties." *Anderson v. Warner*, 451 F.3d 1063, 1069 (9th Cir. 2006).

As a preliminary matter, the mere fact that a defendant is a law enforcement officer is insufficient to establish that the officer was acting under color of law. *Van Ort*, 92 F.3d at 838 (1996). Rather, an officer's actions are under color of law only if they are related to the performance of his official duties. *Huffman*, 147 F.3d at 1058 (9th Cir. 1998). A plaintiff may show that the conduct was related to the officer's official duties by establishing that he was acting in furtherance of a government policy or goal or that the officer used his influence as a law enforcement officer in furtherance of the conduct. *See Van Ort*, 92 F.2d at 838. In making this determination, courts consider whether an officer was on duty at the time of the alleged violation; whether he wore a uniform, badge, or other indicia of state authority; whether he was carrying out official business at the time of the event in question; whether his actions were of the kind that he was hired to perform; and whether he was acting pursuant to or in furtherance of official policy. *See Huffman*, 147 F.3d at 1058 (finding that the facts that the officer was off duty, out of uniform, acting in direct violation of his department's written policy, and never issued any commands to the plaintiff "compel[ed] the conclusion that [his] actions were not in some way related to the performance of his official duties" and thus, as a matter of law, not under color of law) (internal quotation marks omitted); *Van Ort*, 92 F.3d at 838 (upholding the district court's finding that an officer's actions were not under color of law, as a matter of law, when he perpetrated the alleged violations while off duty and out of uniform, and did not represent to the victim that he was acting in his official capacity).

Here, the Complaint alleges that Johnston and Valverde were off-duty and working for a private security company when they entered Plaintiff's home on March 25, 2016. *Compl*. ¶¶ 31–32, 38. There are no allegations that Johnston and Valverde wore their official uniform, that they used their badges or in any way represented they were acting on behalf of COLA or in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-545 PSG AS | Date | August 29, 2017 |
|---|---|---|---|
| Title | Mark Hutnyan v. Diane Cafferata Hutnyan *et al*. | | |

pursuit of COLA's official policies. Plaintiff's bare, conclusory assertion that they were "acting under color of state law," without factual support, fails to satisfy the pleadings standards under *Iqbal* and *Twombly*. Accordingly, the Complaint does not state a plausible claim that Johnston and Valverde were acting under color of state law in their official capacity as COLA police officers during the alleged incident.

For these reasons, Plaintiff's § 1983 claim against Herzog, Johnston and Valverde is dismissed, with leave to amend.

> 2. Municipal Liability for Unconstitutional Customs, Policies and Practices in Violation of 42 U.S.C. § 1983 (Second Cause of Action)

In his second cause of action, asserted against COLA and the City of Manhattan Beach only, Plaintiff asserts § 1983 liability based on municipal liability for unconstitutional customs, policies and practices. *See Compl.* ¶¶ 57–64. COLA moves to dismiss this cause of action on grounds that the Complaint (1) fails to state facts showing that any COLA employee was acting under color of law, and (2) fails to allege any facts regarding the alleged policy, practice or custom that caused the alleged constitutional violations. *See COLA Mot.* 6, 9.

In order to succeed against COLA under § 1983, Plaintiff must establish that (1) he was "deprived of [his] constitutional rights by Defendants and their employees acting under color of state law"; (2) that [COLA] has customs or policies which "amount[ ] to deliberate indifference" to [his] constitutional rights; and (3) that these policies are the "moving force behind the constitutional violation[s]." *Lee v. City of Los Angeles,* 250 F.3d 668, 681–82 (9th Cir. 2001) (internal quotations and alterations omitted).

As discussed above in relation to Johnston and Valverde, it is presumed that off-duty conduct is not performed under color of law. "Private violence – even private violence engaged in by one who happens to work for the state – has different legal ramifications than violence attributable to state action." *Parilla-Burgos,* F.3d at 449; *see also Huffman*, 147 F.3d at 1058, 1061 (Plaintiff could not establish § 1983 liability against the County because "[o]fficers who engage in confrontations for personal reasons unrelated to law enforcement . . . do not act under color of law"); *Van Ort*, 92 F.3d at 838 (off-duty policeman did not act under color of law where he was wearing street clothes, did not display a badge, and robbed and assaulted the plaintiff in their residence); *Dang Vang v. Van Xiong X. Toyed,* 944 F.2d 476, 479 (9th Cir. 1991) ("The pretense is lacking if the wrongful act is 'not in any way related to performance of the duties of the state employee.'").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-545 PSG AS | Date | August 29, 2017 |
|---|---|---|---|
| Title | Mark Hutnyan v. Diane Cafferata Hutnyan *et al*. | | |

Here, the Court has already determined that Plaintiff has failed to allege he was deprived of constitutional rights by COLA's "employees acting under color of state law." *Lee*, 250 F.3d at 681–82. This alone is fatal to any claim against COLA based on municipal liability under § 1983. *See id.*

Moreover, even if state action were sufficiently pleaded, Plaintiff has not alleged any specific facts regarding the policy, practice, or custom that caused the purported violation of Plaintiff's Fourth and Fourteenth Amendment rights. As the Supreme Court has recognized, an entity such as COLA can be held liable for a constitutional violation under § 1983 only if the violation results from the municipality's official policies or customs. *See Monell v. Department of Soc. Servs.,* 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Liability under *Monell* may also attach where there is evidence of a "widespread practice that . . . is so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Gillette*, 979 F.2d at 1348-49 (internal quotations omitted).

Plaintiff fails to plead any specific facts about policies or customs which were the cause of Plaintiff's alleged constitutional deprivations. *See Compl.* ¶¶ 48, 59. Allegations that COLA maintained policies, practices, customs, and usages that "condoned, tolerated, and allowed its officers . . . to commit or execute . . . the unconstitutional use of unnecessary, unreasonable, and/or excessive force, unlawful searches and seizures, and unlawful harassment, threats, coercion, and intimidation . . .," fall below a pleading standard that requires more than a "formulaic recitation of the elements of a cause of action[.]" *Id.*; *see Twombly*, 550 U.S. at 555; *Iqbal*, 566 U.S. at 678. Although there is no heightened pleading requirement for complaints alleging municipal liability under § 1983, *see Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993), a complaint does not "suffice if it tenders naked assertion[s] devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Thus, to survive a motion to dismiss, Plaintiff cannot, through conclusory allegations, merely assert the existence of a municipal policy or custom, but "must allege additional facts tending to establish that the County has a custom or policy . . . by adducing evidence of 'widespread practices or . . . repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'" *Sedgwick v. Unknown K-9 Handler*, No. CV 12-0510 MMA (WVG), 2012 WL 2326065 (S.D. Cal. June 19, 2012) (quoting *Nadell v. Las Vegas Metro. Police Dep't*, 268 F.3d 924, 929 (9th Cir. 2001).

Additionally, "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-545 PSG AS | Date | August 29, 2017 |
|---|---|---|---|
| Title | Mark Hutnyan v. Diane Cafferata Hutnyan *et al*. | | |

consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates,* 99 F.3d 911, 918 (9th Cir. 1996) (internal quotation marks and citation omitted). Here, Plaintiff proffers only one incident of an alleged unconstitutional deprivation – his own, and this is "insufficient to establish a longstanding practice or custom." *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir.1999); *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir.1989) ("A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident."). Even construing his claims liberally, as it is bound to do, the Court finds that Plaintiff's allegations are insufficient to state a plausible claim for *Monell* liability. COLA's motion to dismiss the § 1983 claim is therefore granted, with leave to amend.

        3.      <u>Intentional infliction of Emotional Distress (Third Cause of Action)</u>

Plaintiff's third cause of action for intentional infliction of emotion distress ("IIED") asserts that the conduct of all Defendants "was extreme and outrageous . . . with the intention of causing, or the reckless disregard of the probability of causing, emotional distress." *Compl*. ¶ 66. As a result of such conduct, Plaintiff "suffered severe emotional distress." *Id*. ¶ 67.

An IIED claim requires the plaintiff to establish (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *See Delfino v. Agilent Technologies, Inc.*, 145 Cal. App. 4th 790, 808 (2006). To be "outrageous," conduct must be so extreme as to "exceed all bounds of that usually tolerated in a civilized community." *Id.* at 808–809. "Mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" do not meet this standard. *Id.* at 809 (internal citations omitted).

Based on the allegations in the Complaint, the Court finds that Plaintiff has sufficiently alleged an IIED claim against Cafferata, Herzog, Johnston and Valverde. Although Defendants argue that Cafferata had a right to enter the home by virtue of the Marital Settlement Agreement, the allegations that Cafferata chose to do so "by force" at 10 o'clock at night, while Plaintiff was alone in the house, and was accompanied by a group of bodyguards who were armed and wearing tactical gear, sufficiently state a plausible claim of "extreme and outrageous" conduct. *Id.* at 808–809; *Compl*. ¶ 38. In addition, Plaintiff alleges that, once Cafferata and the Bodyguard Defendants were inside the house and encountered Plaintiff, they "harassed, threatened, intimidated, and told [Plaintiff] that he had to move his cars from the garage," and that they "would start by forcibly opening the lock located between the residence and the garage,

Case 2:17-cv-00545-PSG-AS Document 52 Filed 08/29/17 Page 11 of 18 Page ID #:581

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-545 PSG AS | Date | August 29, 2017 |
|---|---|---|---|
| Title | Mark Hutnyan v. Diane Cafferata Hutnyan *et al*. | | |

and that such action could very well cause damage to [Plaintiff's] cars." *Compl*. ¶¶ 41–42. Plaintiff also alleges that "he was struck on his arm and his body during the search of the home." *Id*. ¶ 38. After calling 911, Plaintiff retreated in fear to his bedroom. *Id.* at ¶ 42. Lastly, Plaintiff alleges that, as a result of such conduct, he "suffered serious injuries to his health, strength, and activity, including but not limited to, injuries to his body, shock to his nervous system, and emotional injuries, all of which have caused, now cause, and will continue to cause [him] great physical and mental pain and suffering." *Id*. ¶ 62. Taking these allegations as true, as it must at this stage of proceedings, the Court finds that Plaintiff has sufficiently pleaded a plausible claim for IIED against Cafferata, Herzog, Johnston and Valverde.

With regard to COLA, however, Cal. Gov't Code § 815(a) provides that public entities are not liable in tort "[e]xcept as otherwise provided by statute." *See* Cal. Gov't Code § 815(a); *see also Lockhart v. County of Los Angeles*, 155 Cal. App. 4th 289,304 (2007) ("As a general rule, public entity liability [under California law] only exists if there is an express statutory basis for such liability."); *Searcy v. Hemet Unified Sch. Dist.,* 177 Cal. App. 3d 792, 802 (1986) ("[I]n California all government tort liability is dependent on the existence of an authorizing statute or 'enactment' . . . ."). Plaintiff fails to allege any statutory basis for COLA's IIED liability and fails to address the issue in his opposition.

To the extent Plaintiff relies on Cal. Gov't Code § 815.2(a), which generally provides that "[a] public entity is liable for injuries proximately caused by an act or omission of an employee within the scope of his employment," such reliance is unavailing. Cal. Gov't Code § 815.2(a). As alleged in the Complaint, Johnston and Valverde, although COLA employees, were off-duty and working for a private bodyguard company at the time of the alleged wrongful conduct. *See generally Compl*. ¶¶ 31–32, 28. Therefore, as with the § 1983 claim, Plaintiff has failed to demonstrate that any COLA employees were acting within the scope of employment during the incident in question. Accordingly, Plaintiff's claim against COLA for IIED must be dismissed.

Based on the foregoing, Cafferata, Herzog, Johnston, and Valverede's motions to dismiss the IIED claim are denied. COLA's motion to dismiss the IIED claim is granted, with leave to amend.

        4.        <u>Assault and Battery (Fourth Cause of Action)</u>

Plaintiff's fourth cause of action asserts a joint claim for assault and battery, brought against all Defendants except the City of Manhattan Beach. *See Compl*. ¶¶ 69–74. Because these are separate claims under California law, the Court will address each in turn. As a preliminary matter, however, Plaintiff once more fails to provide a statutory basis for the claim of assault and battery against COLA, and to the extent he relies on § 815.2, Plaintiff fails to

Case 2:17-cv-00545-PSG-AS Document 52 Filed 08/29/17 Page 12 of 18 Page ID #:582

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-545 PSG AS | Date | August 29, 2017 |
|---|---|---|---|
| Title | Mark Hutnyan v. Diane Cafferata Hutnyan *et al*. | | |

allege that any COLA employees were acting within the scope of employment at the time of the incident. *See* Cal. Gov't Code § 815.2(a); *see also Mary M. v. Henry Mayo Newhall Mem'l Hosp.*, 48 Cal. Rptr. 4th 291, 296 ("The rule of respondeat superior is familiar and simply stated: an employer is vicariously liable for the torts of its employees committed within the scope of employment."). Accordingly, the fourth cause of action for assault and battery against COLA is dismissed, with leave to amend.

### a. Assault as to Cafferata, Herzog, Johnston and Valverde

Under California law, a claim for civil assault must allege: "(1) that Defendants intended to cause harmful or offensive contact, or the imminent apprehension of such contact, and (2) that Plaintiff was put in imminent apprehension of such contact." *Brooks v. United States*, 29 F. Supp. 2d 613, 617 (N.D. Cal 1998) (citing Restatement (Second) of Torts § 21 (1965)).

In his Complaint, Plaintiff alleges that on March 25, 2016, Cafferata, Herzog, Johsnston and Valverde, along with several other Bodyguard Defendants not party to these motions, entered Plaintiff's home late at night and by force, armed and wearing tactical gear. *Compl.* ¶ 38. Plaintiff, who was alone at the time, claims he "believed that he would be struck about his body" without his consent, and was in fact "struck upon his body by defendants during the invasion." *Id.* ¶¶ 71–72. Plaintiff further alleges that he was harassed, threatened and intimidated. *Id.* ¶¶ 38–39. After calling 911, Plaintiff retreated in fear to his bedroom. *Id.* ¶ 42.

Taking these allegations as true and viewing them in the light most favorable to Plaintiff, the Court finds that Plaintiff has stated a plausible claim for assault against Cafferata, Herzog, Johnston, and Valverde. The Complaint plausibly states an intentional act by these Defendants to enter the home and sufficient facts to plausibly infer that Defendants intended to cause at the very least "imminent apprehension" of "harmful or offensive conduct." *Brooks*, 29 F. Supp. 2d at 617. Accordingly, Cafferata, Herzog, Johnston and Valverde's motions to dismiss the assault claim are denied.

### b. Battery as to Cafferata, Herzog, Johnston and Valverde

Under California law, the elements of a civil battery are as follows: (1) defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person, (2) plaintiff did not consent to the contact, and (3) the contact caused injury, damage, loss or harm to the plaintiff. *Tekle*, 457 F.3d at 1102 (citing *Cole v. Doe 1 thru 2 Officers of Emeryville Police Dep't*, 387 F. Supp. 2d 1084, 1101 (N.D. Cal. 2005)). "A battery involves a touching." *Price v. County of San Diego*, 990 F. Supp. 2d 1230, 1244 (S.D. Cal. 1998). Plaintiff alleges in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV17-545 PSG AS | Date | August 29, 2017 |
|---|---|---|---|
| Title | Mark Hutnyan v. Diane Cafferata Hutnyan *et al*. | | |

the Complaint that he was struck upon his body by Defendants during the invasion of his home. *Compl.* at ¶¶ 71–72.

Unlike the assault claim where the Court could plausibly infer from the allegations that Cafferata, Herzog, Johnston and Valverde each engaged in an intentional act that plausibly placed Plaintiff in apprehension of offensive contact, Plaintiff's battery claim lacks sufficient facts about who struck him and how the alleged harmful of offensive touching occurred. The Complaint merely generally states that "he was struck upon his body by defendants." *Compl.* ¶ 71. Although the Court must draw inferences in favor of Plaintiff, the Court cannot plausibly infer that each and every Defendant intentionally struck him. Without more, Plaintiff's battery claim fails to adequately allege that any Defendant "intentionally did an act that resulted in harmful or offensive contact." *Tekle*, 457 F.3d at 1102. Therefore, Cafferata, Herzog, Johnston and Valverde's motions to dismiss the battery claim against them are granted, with leave to amend.

    C.    <u>Conclusion</u>

Based on the foregoing, Cafferata's motion to dismiss is granted in part and denied in part, with leave to amend; Herzog, Johnston, and Valverde's motion to dismiss is granted in part and denied in part, with leave to amend; and COLA's motion to dismiss is granted, with leave to amend.

III.    <u>Motion to Strike</u>

In the motion to strike, Cafferata moves for an order from the Court to strike the entirety of paragraphs 34 through 37 from Plaintiff's Complaint pursuant to Cal. Code Civ. P § 425.16 (the "Anti-SLAPP" statute) and Cal. Civ. Code § 47 (litigation privilege). Dkt. # 15 ("MTS").

California Code of Civil Procedure § 425.16 provides for a special motion to strike a "strategic lawsuit against public participation" ("SLAPP"). Such a motion, commonly called an "anti-SLAPP motion," provides courts with a remedy to dismiss at an early stage nonmeritorious litigation that challenges various kinds of protected speech. *See Kashian v. Harriman*, 98 Cal. App. 4th 892, 905 (2002); Cal. Code. Civ. Proc. § 425.16(b)(1). The anti-SLAPP statute is given full effect in federal court. *See U.S. v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 973 (9th Cir. 1999).

In ruling on an anti-SLAPP motion to strike, the court engages in a two-step process. "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity." *Equilon Enters. v. Consumer Cause, Inc.*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-545 PSG AS | Date | August 29, 2017 |
|---|---|---|---|
| Title | Mark Hutnyan v. Diane Cafferata Hutnyan *et al*. | | |

29 Cal. 4th 53, 67 (2002). "The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken 'in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute." *Id.* (citing Cal. Code Civ. Proc. § 425.16(b)(1)). An anti-SLAPP motion is "applicable to causes of action that result from a defendant's (1) oral or written statements 'made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law'; (2) any written or oral statement made in connection with an issue under consideration or review by a governmental body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a public place or in a public forum in connection with an issue of public interest; or (4) any other conduct in furtherance of the exercise of the constitution right of petition or of free speech in connection with a public issue or topic of public interest. *Martin v. Inland Empire Utilities Agency*, 198 Cal. App. 4th 611, 623 (2011) (quoting Cal. Code Civ. Proc. § 425.16(e)).

"If a defendant meets this threshold showing, the cause of action shall be stricken unless the plaintiff can establish 'a probability that the plaintiff will prevail on the claim.'" *Id.* at 622 (quoting *Simpson Strong-Tie Co., Inc. v. Gore*, 29 Cal. 4th 12, 21 (2010)). In making this determination, the court considers "the pleadings, as well as 'supporting and opposing affidavits stating the facts upon which the liability or defense is based.'" *Id.* (quoting Cal. Code Civ. Proc. § 425.16(b)(2)).

Here, Cafferata moves to strike allegations in paragraphs 34–37 of Plaintiff's Complaint which provide that on or about March 23 and 25, 2016, the City of Manhattan Beach Police Department was notified of the following:

- "that defendants Herzog and County Employees intended to enter the Home with defendants Mrs. Hutnyan armed with weapons and wearing body cameras." *Compl.* ¶ 34, 36.

- "that plaintiff Mark Hutnyan would make a 'fake' 911 telephone call . . . once defendants Herzog, County Employees, and Mrs. Hutnyan entered the Home." *Id*. ¶ 35.

- "that they were near to, or were already at the Home with defendant Mrs. Hutnyan, were armed, and they were going to enter the Home, by force if necessary, because the husband, plaintiff Mark Hutnyan was 'squatting in the house,' [and that] the defendant Mrs. Hutnyan was the 'owner' of the Home, and further that plaintiff Mark Hutnyan was 'inebriated most of the time.'" *Id*. ¶ 37.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-545 PSG AS | Date | August 29, 2017 |
|---|---|---|---|
| Title | Mark Hutnyan v. Diane Cafferata Hutnyan *et al*. | | |

      Cafferata argues that these allegations, pled in support of Plaintiff's first cause of action for violations of his constitutional rights under § 1983, implicate the anti-SLAPP statute because they arise out of constitutionally protected activity of communicating with law enforcement. *See MTS*. 1, 5, 9, 14. Although anti-SLAPP motions are usually applied to defeat an entire cause of action, recently the California Supreme Court established that an anti-SLAPP motion may also be used to strike only certain allegations of protected activity that form part of a pleaded cause of action. *See Baral v. Schmitt*, 1 Cal. 5th 376, 393 (2016) (finding that "the Legislature's choice of the term 'motion to strike' reflects the understanding that an anti-SLAPP motion, like a conventional motion to strike, may be used to attack parts of a count as pleaded."). However, in the anti-SLAPP context, the critical point is whether the plaintiff's cause of action itself was based on "an act in furtherance of the defendant's right of petition or free speech." Cal. Code Civ. Proc. § 425.16(b)(1). Therefore, in determining whether a cause of action is based on protected activity, courts "examine the principal thrust or gravamen of a plaintiff's cause of action to determine whether the anti-SLAPP statute applies." *Ramona Unified School Dist. v. Tsiknas*, 135 Cal. App. 4th 510, 519–520 (2005). "We assess the principal thrust by identifying '[t]he allegedly wrongful and injury-producing conduct . . . that provides the foundation for the claim.'" *Hylton v. Frank E. Rogozienski, Inc*., 177 Cal. App. 4th 1264, 1272 (2009).

      Here, the gravamen of Plaintiff's § 1983 cause of action is the allegedly unlawful invasion of his home by Cafferata and the Bodyguard Defendants, which resulted in physical and emotional harm to Plaintiff. Such conduct does not implicate Cafferata's "exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest," nor does Plaintiff's claim target protected activity. *Wilson v. Cable News Network, Inc*., 6 Cal. App. 5th 822, 831 (2016). Therefore, because "liability is not based on protected activity," and "the cause of action does not target the protected activity," the challenged allegations are not properly "subject to the SLAPP statute." *Dioka Okorie et al. v. Los Angeles Unified School District et al*., No. B268733, 2017 WL 3499226, at *6 (Cal. Ct. App. Aug. 16, 2017); *see also Comstock v. Aber*, 212 Cal. App. 4th 931, 940 (2012) (noting that section 425.16 is meant to prevent and deter "lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.").

      Even under the California Supreme Court's ruling in *Baral* that an anti-SLAPP motion may be directed at component paragraphs of a pleading only, the Court is not persuaded by Cafferata that the allegations at issue are within the ambit of the statute. Although courts do hold that "communications to the police are within SLAPP," the cases cited in support involve statements made as part of official proceedings or complaints made by citizens to police regarding criminal activity. *See Comstock v. Aber*, 212 Cal. App. 4th 931, 941–42 (2012)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-545 PSG AS | Date | August 29, 2017 |
|---|---|---|---|
| Title | Mark Hutnyan v. Diane Cafferata Hutnyan *et al*. | | |

(employee's statements to police regarding sexual assault by co-worker); *Walker v. Kiousis* (2001) 93 Cal.App.4th 1432, 1439 (finding that a citizen's complaint to the police is "made in connection with an official proceeding authorized by law"); *Chabak v. Monroy*, 154 Cal. App. 4th 1502, 1511 (2007) (in action by physical therapist against client alleging false report of child abuse, client's "statements to the police clearly arose from protected activity"); *see generally ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1009 (2001) (filing complaint with a government agency constitutes a "statement before an official proceeding" within section 425.16, subdivision (e)(1)); *Lee v. Fick*, 135 Cal. App. 4th 89, 97 (2005) (complaint to the government is itself "part of the official proceedings."); *Haight Ashbury Free Clinics, Inc. v. Happening House Ventures*, 184 Cal. App. 4th 1539, 1548 (2010) ("Smith's purported oral statements . . . constitute statements made in connection with an issue under consideration by a judicial body. The alleged activity therefore falls within the scope of the SLAPP statute.") (internal citations omitted). No such complaint or statements made as part of official proceedings are alleged here.

The Court similarly is unpersuaded that the litigation privilege under Cal. Civ. Code § 47(b) is implicated in this instance. Section 47(b) establishes a privilege that bars liability based on statements made "in any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law . . ." Cal. Civ. Code § 47(b); *see Silberg v. Anderson,* 50 Cal. 3d 205, 212 (1990) ("The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action."). No such proceedings, judicial or otherwise authorized by law, are alleged here. Although the privilege "is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards," neither Plaintiff nor Caferata argue that the communications made to the City of Manhattan Beach Police Department constituted steps taken in connection with any judicial or quasi-judicial proceedings or were meant to achieve the objects of some pending litigation. *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1241 (2007); *Healy v. Tuscany Hills Landscape & Recreation Corp*., 137 Cal. App. 4th 1, 5 (2006) ("[I]t has been established for well over a century that a communication is absolutely immune from any tort liability if it has 'some relation' to judicial proceedings.").

Based on the foregoing, Cafferata's motion to strike portions of Plaintiff's Complaint pursuant to the anti-SLAPP statute and § 47(b) is denied.

IV.     Conclusion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-545 PSG AS | Date | August 29, 2017 |
|---|---|---|---|
| Title | Mark Hutnyan v. Diane Cafferata Hutnyan *et al*. | | |

Based on the foregoing, the Court ORDERS the following:

1. Cafferata's motion to dismiss (Dkt. # 14) is GRANTED in part and DENIED in part, as follows:
   - GRANTED as to Plaintiff's first cause of action for violation of § 1983, with leave to amend;
   - DENIED as to Plaintiff's third cause of action for IIED;
   - DENIED as to Plaintiff's fourth cause of action for assault, but GRANTED as to Plaintiff's fourth cause of action for battery, with leave to amend.

4. Herzog, Johnston, and Valverde's motion to dismiss (Dkt. # 39) is GRANTED in part and DENIED in part, as follows:
   - GRANTED as to Plaintiff's first cause of action for violation of § 1983, with leave to amend;
   - DENIED as to Plaintiff's third cause of action for IIED;
   - DENIED as to Plaintiff's fourth cause of action for assault, but GRANTED as to Plaintiff's fourth cause of action for battery, with leave to amend.

4. COLA's motion to dismiss (Dkt. # 22) is GRANTED as to the first cause of action without leave to amend, and GRANTED as to the second, third and fourth causes of action, with leave to amend.

5. Cafferata's motion to strike (Dkt. # 15) is DENIED.

Plaintiff may file a First Amended Complaint ("FAC") consistent with this order no later than **September 18, 2017**. Failure to file a FAC by this date may result in dismissal with prejudice of those causes of action dismissed with leave to amend.

Although the Court has granted leave to amend, Plaintiff and his counsel should be mindful of Rule 11 standards in re-pleading the § 1983 causes of action. Rule 11 is "designed to deter attorneys and unrepresented parties from violating their certification that any pleading, motion or other paper presented to the court is supported by an objectively reasonable legal and factual basis." *Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 173–74 (C.D. Cal. 2002). In the event that the Court finds that Plaintiff's § 1983 causes of action fail to comply with Rule 11, the Court may impose sanctions and invite Defendants to move to recover attorneys' fees and costs associated with the filings of the motions to dismiss. *See* Fed R. Civ. P. 11(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-545 PSG AS | Date | August 29, 2017 |
|---|---|---|---|
| Title | Mark Hutnyan v. Diane Cafferata Hutnyan *et al*. | | |

**IT IS SO ORDERED**.